Amos **SIFUENTES**, Appellant

v.

The **STATE** of Texas, Appellee

NO. 14–15–00432–CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 22, 2016

Joseph W. Varela, Houston, TX, for Appellant.

Heather Hudson, Houston, TX, for State.

Panel consists of Justices Jamison, Donovan and Brown.

## OPINION

Martha Hill Jamison, Justice

Appellant Amos Sifuentes appeals his conviction for the offense of robbery. *See* Tex. Penal Code § 29.02(a)(2). Appellant challenges his conviction on grounds that (1) there was insufficient evidence to support the conviction; (2) he received ineffective assistance of counsel; (3) the trial court erred in admitting evidence of extraneous offenses; and (4) the trial court erred in including the lesser included offense of robbery in the charge to the jury. We affirm.

## I. PROCEDURAL HISTORY

Appellant was indicted for aggravated robbery with a deadly weapon. The jury found him guilty of the lesser-included offense of robbery and assessed punishment at sixteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## II. FACTUAL BACKGROUND

Complainant testified that, on February 21, 2014, he contacted appellant regarding an advertisement for a cell phone. Appellant and complainant agreed to meet in a grocery store parking lot to conduct the sale. Upon arriving at the parking lot, complainant exited his vehicle and approached appellant's vehicle. Appellant remained in his vehicle, with the transmission in drive. Appellant handed complainant the phone to inspect. Complainant then pulled out the money to buy the phone. Appellant asked complainant to give the phone back so he could erase its data. After receiving the phone again, appellant looked behind complainant and exclaimed "what the hell?" Complainant turned to look in the same direction, and when he turned back, appellant was pointing a gun at him. Appellant "snatched" the money and accelerated his vehicle, striking complainant's arm. Appellant testified he had the phone in one hand, but the other hand was empty, that he never "snatched" the money from complainant or struck complainant's arm with his vehicle. Appellant admitted that he drove off with the money and the cell phone. A few days later, complainant reported the incident to the police and identified appellant from a photo lineup. According to his statement admitted into evidence, appellant told police that he had stolen the money from complainant but did not harm or intend to harm complainant during the incident. Complainant also identified appellant in the courtroom as the robber.

## III. LEGAL SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant challenges the legal sufficiency of the evidence to support his conviction of robbery.[1] *See*

---

1. We have taken appellant's issues out of or- der to first address the issue that would grant

Tex. Penal Code § 29.02(a)(2). Appellant argues the State did not prove appellant intentionally or knowingly threatened or placed complainant in fear of imminent bodily injury or death. *See id.* Appellant argues his alleged use of a firearm was the only evidence of threat of harm. Since the jury did not convict appellant of aggravated robbery, which required a finding that appellant used or displayed a firearm, the jury necessarily rejected that evidence. There was no evidence of complainant's fear of bodily injury or death that did not refer to the firearm.

■ When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State,* 340 S.W.3d 743, 746 (Tex.Crim.App.2011) (citing *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Isassi v. State,* 330 S.W.3d 633, 638 (Tex.Crim.App.2010). Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* at 638. This standard applies equally to both circumstantial and direct evidence. *Id.* Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim.App.2007).

■ The State was required to prove that appellant, while in the course of committing theft and with intent to obtain or maintain control of the property, intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death. Tex. Penal Code § 29.02(a)(2). The State presented evidence at trial that complainant was in fear of being injured by appellant through complainant's testimony as follows:

Q. And going back to when the gun was pointed at you, were you afraid you might get shot?

A. Oh, of course.

Q. And, were you afraid you could be hurt?

A. Of course.

Q. And, was that the only reason you gave [appellant] your money?

A. Yes ma'am.

Q. What were you—what were you feeling when that was happening?

A. Just fear. Who wants to get shot you know.

Whether or not the jury believed that appellant actually used or displayed a firearm, the State was required to prove that complainant was threatened or put in fear. *See Cranford v. State,* 377 S.W.2d 957, 959–59 (1964); *see also Welch v. State,* 880 S.W.2d 225, 227 (Tex.App.–Austin 1994, no pet.) (holding evidence was sufficient for robbery conviction when it was reasonable for complainant to believe defendant possessed a weapon). The jury was free to believe complainant's testimony that he perceived appellant to have a weapon and was thereby placed in fear of imminent bodily injury or death even while the jurors believed appellant's testimony that he had no gun. *See Knight v. State,* 868 S.W.2d 21, 24–25 (Tex.App.–Houston [1st Dist.] 1993, pet. ref'd) (upholding conviction of robbery when complainant testified

the greatest relief on appeal.

she was in fear of being imminently harmed when appellant made no verbal threat but pushed her hand away and it appeared he had a gun in his waistband).

For a jury to find an individual was placed in fear of imminent bodily injury or death, it is not necessary that actual threats were made. See Burgess v. State, 448 S.W.3d 589, 601 (Tex.App.–Houston [14th Dist.] 2014, no pet.); see also Williams v. State, 827 S.W.2d 614, 616 (Tex.App.–Houston [1st Dist.] 1992, no pet.) (holding factfinder may conclude an individual perceived fear or was "placed in fear" in circumstances when no actual threats were conveyed by the accused). The crucial inquiry in determining whether a threat has been made "is whether the assailant acted in such a manner as would, under the circumstances, portend an immediate threat of danger to a person of reasonable sensibility." Boston v. State, 373 S.W.3d 832, 840 (Tex.App.–Austin 2012), aff'd, 410 S.W.3d 321 (Tex.Crim. App.2013); see also Dobbins v. State, 228 S.W.3d 761 (Tex.App.–Houston [14th Dist.] 2007, pet. dism'd). "So long as the [perpetrator's] actions are of such nature as in reason and common experience is likely to induce a person to part with his property against his will, any actual or perceived threat of imminent bodily injury will satisfy this element of the offense." See Burgess, 448 S.W.3d at 601–02; Devine v. State, 786 S.W.2d 268, 270 (Tex.Crim.App. 1989).

Furthermore, even when references to a gun are removed from complainant's testimony, the evidence is still sufficient to establish that complainant was placed in fear of imminent bodily injury or death. Complainant's testimony established appellant demanded money and grabbed the arm with which complainant was holding the money. Before complainant was able to break free of appellant's grip, appellant accelerated his vehicle, causing it to strike complainant's body. Based on this evidence, a jury reasonably could have found that appellant's actions, even without the use of a firearm, were sufficient to place complainant in fear of imminent bodily injury or death. See Welch, 880 S.W.2d at 227 (holding a rational trier of fact could conclude beyond a reasonable doubt that appellant's demand for money and his generally aggressive manner were sufficient to place a reasonable person in the complainant's circumstances in fear of imminent death or bodily injury); Boston, 410 S.W.3d at 326–27 (holding appellant's "conduct in reaching over the counter and taking money from the cash register was threatening because his actions were a 'menacing indication of (something dangerous, evil, etc.)' ") (citing Olivas v. State, 203 S.W.3d 341, 345 (Tex.Crim.App.2006); Williams, 827 S.W.2d at 615–17 (holding evidence was sufficient to sustain a finding that the defendant's words and actions placed the complainant in fear of imminent harm when defendant did not display a weapon or make an express threat).

Accordingly, because the evidence showing complainant was placed in fear of imminent bodily injury or death is sufficient to sustain the conviction of robbery, we overrule appellant's second issue.

## IV. Ineffective Assistance of Counsel

In his first issue, appellant contends he received ineffective assistance of counsel during both the guilt-innocent phase and the punishment phase of trial. The United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). To demonstrate ineffective assistance of counsel, an appellant must first show that counsel's performance

was deficient, i.e., that counsel's assistance fell below an objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999); *see also Hernandez v. State,* 988 S.W.2d 770, 774 (Tex.Crim.App.1999) (holding that the standard for reviewing claims of ineffective assistance of counsel during the punishment and guilt phases is the same). Second, a defendant must show this deficiency was so prejudicial that it rendered the trial unfair, i.e., there is a reasonable probability that, but for counsel's damaging conduct, the outcome would have been different. *Thompson,* 9 S.W.3d at 812.

■ Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Id.* at 813. There is a strong presumption that "counsel's conduct fell within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Any allegation of ineffectiveness must be firmly founded on the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson,* 9 S.W.3d at 813. This is a difficult hurdle to overcome, for "the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez v. State,* 343 S.W.3d 137, 143 (Tex.Crim.App. 2011). When the record is silent, as it is here because no motion for new trial was filed, an appellate court should not engage in speculation regarding whether counsel's performance was deficient with the benefit of hindsight. *See id.* at 142.

### A. Out-of-Court Identification

■ Appellant first asserts that counsel failed to object to an officer's testimony regarding complainant's out-of-court iden-

tification of appellant on the grounds it violated his right of confrontation. However, complainant testified at trial and was cross-examined by appellant's counsel. *See Torres v. State,* 424 S.W.3d 245, 259 (Tex.App.–Houston [14th Dist.] 2014, pet. ref'd) (citing *Crawford v. Washington,* 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (holding that the confrontation clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it); *see Ex parte Nailor,* 105 S.W.3d 272, 280 (Tex.App.–Houston [14th Dist.] 2003), *aff'd,* 149 S.W.3d 125 (Tex.Crim.App.2004) (holding trial counsel's failure to object to admissible evidence does not constitute ineffective assistance of counsel). Based on the record before us, we cannot say that trial counsel's failure to object to the out-of-court identification fell below an objective standard of reasonableness.

### B. Expert Opinion and Personal Observation

Next, appellant claims trial counsel erred by failing to object to testimony from the officer that, in the officer's opinion, appellant had not been truthful in saying he did not use a gun and that accused persons tend to minimize their culpability. Appellant argues that trial counsel should have challenged these opinions as beyond the officer's expertise.

■ "A person with specialized knowledge may testify about his or her own observations under Rule 701 and may also testify about the theories, facts and data used in his or her area of expertise under Rule 702." *Osbourn v. State,* 92 S.W.3d 531, 536 (Tex.Crim.App.2002) ("A witness may qualify to give testimony both under Rule 702—because of his or her superior experiential capacity—and under Rule 701, if the witness's testimony and opinion are based upon firsthand knowl-

edge."). Police officers are permitted to proffer an opinion when it is based on their training or experience and their personal knowledge of the event in question. *Ex parte Nailor,* 105 S.W.3d at 280; *see, e.g., Reece v. State,* 878 S.W.2d 320, 325 (Tex. App.–Houston [1st Dist.] 1994, no pet.) (allowing an officer to testify, based upon his training and experience, that defendant's actions were consistent with someone selling cocaine); *Williams v. State,* 826 S.W.2d 783, 785 (Tex.App.–Houston [14th Dist.] 1992, pet. ref'd) (using past experience, a police officer was permitted to testify, as either a lay witness or an expert, that he interpreted defendant's actions to be a drug transaction). Here, the record shows the officer had been with the Houston Police Department for twelve years and in the robbery division for the last three years. The officer testified to the type of training he received as a robbery detective, specifically interview and interrogation courses. Thus, the record reflects that, based on the officer's experience and training, he was qualified to opine as to interviews with robbery suspects.

▮ Additionally, a witness may testify to his perceptions of events that he personally observed or experienced. *See Fairow v. State,* 943 S.W.2d 895, 898 (Tex. Crim.App.1997). Perceptions include a witness's interpretation of information acquired through his own senses or experiences at the time of the event. *See Williams v. State,* 402 S.W.3d 425, 436 (Tex.App.–Houston [14th Dist.] 2013 pet. ref'd) (citing *Osbourn,* 92 S.W.3d at 535). Permissible testimony, drawn from the witness's own observations or experiences, can include opinions, beliefs, or inferences. *Id.* The officer personally interviewed appellant, and a video of the interview was played for the jury. The officer's testimony that he did not believe appellant was being truthful regarding the use of a gun is a permissible belief drawn from his personal experiences as an officer and his observation of appellant during the interview. Accordingly, the evidence was admissible. Trial counsel's failure to object to admissible evidence does not constitute ineffective assistance of counsel. *See Ex parte Nailor,* 105 S.W.3d at 278.

## C. Victim Impact Statement

▮ Next, appellant argues trial counsel was ineffective for failing to object during the punishment phase to the victim impact testimony of a witness, who alleged appellant robbed her husband while she watched from their car. Specifically, appellant asserts that she lacked expertise and experience necessary to opine about appellant's suitability for probation. Appellant cites *Ellison v. State,* 201 S.W.3d 714 (Tex.Crim.App.2006), in which the court concluded it is within the trial court's discretion to allow an expert to testify on a defendant's suitability for probation. However, the record does not indicate that the witness was presented as an expert, or that her testimony was used to establish appellant's suitability, or lack thereof, for probation. The record indicates the witness was asked about her feelings regarding "somebody" receiving probation as a punishment for this offense. She responded "Can they guarantee that we're going to be okay, that we won't have to continuously look over our shoulder?" The State asked if she disagreed with probation being given, and she responded:

> Yeah, why do I have to continue to look over my shoulder. My daughter is getting older. Am I going to be looking over her shoulder when she can tell I'm looking over my shoulder and I tell her hey this happened to mommy and daddy. And then she's going to have to be looking over her shoulder. Is that what

we're going to have to go through. I just don't want to put her through it.

This testimony is a reflection of the witness's feelings regarding the safety of her family following the robbery. These statements are consistent with admissible victim impact statements regarding how the experience has impacted their lives. *See Boone v. State*, 60 S.W.3d 231, 239 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd) (noting the general rule for non-capital felony cases, that "the State may present evidence as to any matter the trial court, in the legitimate use of its discretion, may deem relevant to sentencing"); *see* Tex. Code Crim. Pro. Ann. art. 37.07, § 3(a); *Moreno v. State*, 38 S.W.3d 774, 777 (Tex. App.–Houston [14th Dist.] 2001, no pet.) (plurality opinion). If the defendant should have anticipated the particular effect on the victim or the victim's family, then the evidence is relevant. *Boone*, 60 S.W.3d at 238; *Moreno*, 38 S.W.3d at 778. A robbery victim's feeling she has to look over her shoulder is a foreseeable result of a robbery; therefore, the testimony is relevant and admissible. As noted above, trial counsel's failure to object to admissible evidence does not constitute ineffective assistance of counsel. *See Ex parte Nailor*, 105 S.W.3d at 278.

### D. Multiple Firearms

Appellant additionally argues that trial counsel was ineffective for allowing the State to introduce evidence of multiple firearms. Specifically, appellant complains that trial counsel could have no strategic reason for failing to object to the admission of the following statement made to the police in an interview: "We have to find those guns." The complained-of statement was, in fact, redacted from the exhibit before it was played to the jury. Accordingly, the record does not support appellant's claim that counsel was deficient.

### E. Qualifying for Probation

Appellant further argues trial counsel was ineffective for failing to qualify him properly for probation. Specifically, he complains that although trial counsel elicited testimony that appellant had not been convicted of a felony "in this state," trial counsel failed to elicit testimony that appellant had not committed a felony "in any other state." Appellant further asserts that this failure resulted in the jury assessing sixteen years' confinement instead of probation.

To be eligible for probation, a defendant must file a written sworn motion before trial with the judge stating that he has not been previously convicted of a felony in this or any other state. Tex.Code Crim. Pro. art. 42.12 § 4(e). The record reflects trial counsel submitted the sworn motion. In addition to the sworn motion, the defendant must prove by a preponderance of the evidence that he has not been convicted of a felony in this or any other state. *See Ward v. State*, 143 S.W.3d 271, 275 (Tex. App–Waco 2004, pet. ref'd). Appellant testified that he had never been convicted of a felony in this state, but was not asked about "any other state." A defendant is not eligible for jury recommended community supervision if the punishment assessed exceeds ten years' confinement. Tex.Code Crim. Pro. art. 42.12§ 4(d)(1). The jury was instructed by the court on community supervision and returned a verdict of sixteen years' confinement.

We decide only that appellant has failed to establish prejudice from any deficient performance by his trial counsel as to this argument, making it unnecessary to decide whether trial counsel was ineffective for failing to ask about "any other state." *See Ex parte Cash*, 178 S.W.3d 816, 818 (Tex. Crim.App.2005); *see also Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

To establish prejudice, appellant must show there is a reasonable probability that the additional testimony would have altered the outcome of the punishment by influencing the jury to recommend that the judge suspend the imposition of the sentence and place appellant on community supervision. *See Ex parte Cash*, 178 S.W.3d at 818 (citing *Woodford v. Visciotti*, 537 U.S. 19, 22–23, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)) (holding that in claims regarding ineffective assistance of counsel during the punishment phase of trial, the defendant must prove there is a reasonable probability that, but for trial counsel's failings, the jury would have reached a more favorable sentence); *Snow v. State*, 697 S.W.2d 663, 668 (Tex.App.–Houston [1st Dist.] 1985, pet. dism'd).

Because the jury assessed punishment at sixteen years' confinement, appellant was ineligible to receive probation. *See* Tex.Code Crim. Pro. art. 42.12 § 4(d)(1). Thus, any failure on the part of trial counsel to establish probation eligibility was inconsequential. *See Gonzales v. State*, 748 S.W.2d 510, 512 (Tex.App.–Houston [1st Dist.] 1988, pet. ref'd, untimely filed) (overruling ineffective assistance claim when forty year sentence assessed by the jury made defendant ineligible to receive probation, thus failure to establish eligibility was inconsequential). We conclude appellant has failed to show a reasonable probability that additional testimony would have affected the jury's sentence.

### F. Other Instances

█ Lastly, appellant's brief references other instances of conduct which he asserts indicate trial counsel lacked an understanding of basic trial procedures. However, appellant fails to demonstrate these actions constituted a deficient performance by trial counsel or that he was prejudiced by them. *Strickland*, 466 U.S. at 700, 104 S.Ct. 2052. Accordingly, we conclude this issue is inadequately briefed and presents nothing for our review. *See Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim.App.2011) (overruling appellant's point of error as inadequately briefed when it contained no argument or citation to any authority); *see also* Tex.R.App. P. 38.1(i); *Busby v. State*, 253 S.W.3d 661, 673 (Tex.Crim.App.2008) (affirming the "Court has no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record' ").

Because appellant has failed to satisfy both prongs of the *Strickland* test, we overrule appellant's first point of error.

### V. ADMISSIBILITY OF EXTRANEOUS OFFENSE EVIDENCE

In his third issue, appellant argues the trial court erred by not excluding extraneous offense evidence. Appellant asserts the evidence of other robberies was inadmissible under Rule of Evidence 404(b), as evidence of other crimes is generally inadmissible, and under Rule of Evidence 403, because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. *See* Tex.R. Evid. 403, 404(b).

We review a trial court's ruling under the Rules of Evidence for abuse of discretion. *Martin v. State*, 173 S.W.3d 463, 467 (Tex.Crim.App.2005). If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the ruling. *Id.* We will uphold a trial court's ruling on the admissibility of evidence as long as the ruling was within the zone of reasonable disagreement. *Id.*

█ Evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determina-

tion of the action more or less probable than it would be without the evidence. Tex.R. Evid. 401. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character. Tex.R. Evid. 404(b). However, such evidence may be admissible for other purposes, such as when a defendant raises a defensive issue that negates one of the elements of the offense. *See Martin*, 173 S.W.3d at 466 (citing Rule 404(b)). However, relevant evidence still may be excluded if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice. Tex.R. Evid. 403; *Grant v. State*, 475 S.W.3d 409, 416 (Tex. App.–Houston [14th Dist.] 2015, pet. ref'd). In the present case, appellant did not dispute he committed theft, but vigorously challenged at trial whether he intentionally or knowingly threatened or placed complainant in fear of imminent bodily injury or death, as discussed above. In both his opening statement and in his testimony, appellant claimed he did intend to steal the complainant's property but never intended to injure or threaten complainant with injury. Appellant denied injuring complainant or "snatching" the property from complainant's hand. The State introduced extraneous offense evidence for the purpose of rebutting appellant's defensive position that he lacked the requisite intent or knowledge required and that complainant's injury was a result of a mistake or accident. The extraneous offenses evidenced appellant was aware his actions would likely result in injury. The relevance of extraneous offenses to show intent is derived from the "doctrine of chances," which concerns "the instinctive recognition of that logical process which eliminates the element of innocent intent by multiplying instances of the same result until it is perceived that this element [i.e. innocent intent] cannot explain them all."

*Plante v. State*, 692 S.W.2d 487, 491 (Tex. Crim.App.1985) (quoting 2 John H. Wigmore, Evidence § 302 (Chadbourn rev. 1979)); *see also Rickerson v. State*, 138 S.W.3d 528, 531 (Tex.App.–Houston [14th Dist.] 2004, pet. ref'd). In other words, evidence that appellant had on other occasions committed similar offenses to the one he is charged with serves to reduce the possibility that the act in question was done with innocent intent. *See Plante*, 692 S.W.2d at 492; *Hudson v. State*, 112 S.W.3d 794, 803 (Tex.App.–Hous. [14 Dist.] 2003) (holding doctrine applies when similarities between the charged and extraneous offenses exist, because it is the improbability of a like result being repeated by chance that gives the extraneous offense probative weight).

The extraneous offenses admitted at trial showed appellant had, at other times, purported to sell phones to other victims and quickly accelerated his car after gaining possession of their money, with the result that they were injured by appellant's vehicle striking them or dragging them into the street. These extraneous acts are sufficiently similar to the charged offense for the purposes of the doctrine of chances. This testimony provided circumstantial evidence appellant intentionally or knowingly threatened or placed complainant in fear of imminent bodily injury or death, that appellant had knowledge complainant would likely suffer injuries as a result of his actions, and the injuries were not a result of an accident or a mistake. It therefore had relevance beyond the question of character conformity and was admissible to rebut appellant's defensive issue that he did not intentionally or knowingly threaten or place complainant in fear of imminent bodily injury or death. *See Le v. State*, 479 S.W.3d 462, 471 (Tex. App.–Houston [14th Dist.] 2015, no. pet.).

We next address whether the probative value of the extraneous offense evidence substantially outweighs the danger of unfair prejudice, beginning with the presumption that it does. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App. 1990); *Grant*, 475 S.W.3d at 420–21. It is the defendant's burden to demonstrate that the danger of unfair prejudice substantially outweighs the probative value. *Grant*, 475 S.W.3d at 420–21; *Kappel v. State*, 402 S.W.3d 490, 494 (Tex.App.–Houston [14th Dist.] 2013, no pet.). In reviewing trial courts' balancing determinations under Rule 403, we reverse only rarely and upon a clear demonstration of abuse of discretion. *Kappel*, 402 S.W.3d at 494.

The following factors are considered relevant to the analysis under Rule 403: (1) the strength of the evidence in making a fact more or less probable; (2) the potential of the extraneous offense evidence to impress the jury in some irrational but indelible way; (3) the amount of time the proponent needed to develop the evidence; and (4) the strength of the proponent's need for the evidence to prove a fact of consequence. *Grant*, 475 S.W.3d at 420–21; *Bargas v. State*, 252 S.W.3d 876, 892–93 (Tex.App.–Houston [14th Dist.] 2008, no pet.).

The extraneous offense evidence at issue here casts considerable doubt on appellant's claim that he lacked the intent or knowledge that his actions would injure or place complainant in fear of imminent bodily injury or death, as it showed multiple prior incidents in which appellant perpetrated the same scheme and injured people with his vehicle, once even dragging a man out of the parking lot and into the street before the victim could break free. The first factor, therefore, weighs heavily in favor of finding the evidence was substantially more probative than prejudicial.

*See Prince v. State*, 192 S.W.3d 49, 56 (Tex.App.–Houston [14th Dist.] 2006, pet. ref'd) (holding probative value exceeded any unfair prejudicial effect when evidence rebutted appellant's defensive theory concerning lack of intent).

Certainly, evidence of this nature may have a tendency to impress the jury based on an impermissible inference of character conformity. The trial judge, however, instructed the jury in the charge that it could not consider such evidence for any purpose unless it found beyond a reasonable doubt that appellant committed the other offenses and, even then, the evidence could only be considered for its relevance, if any, in demonstrating that on the occasion alleged in the indictment the appellant's intent or knowledge or an absence of mistake or accident. We generally presume a jury followed a trial court's instruction regarding consideration of evidence. *See, e.g., Thrift v. State*, 176 S.W.3d 221, 224 (Tex.Crim.App.2005); *see also McGregor v. State*, 394 S.W.3d 90, 121 (Tex.App.–Houston [1st Dist.] 2012, pet. ref'd) (holding potential inference of character conformity was held in check by limiting instruction). Although the evidence may have had some potential for prejudice, it appears to have been limited in this case. The second factor therefore weighs in favor of the admissibility of the evidence.

Next, our review of the record shows that about 24 percent of the testimony at trial, or 47 pages of testimony, was dedicated to establishing the extraneous offenses through four witnesses. Although this is not an inconsequential percentage, we note that this was a relatively simple, straightforward case that did not require lengthy testimony, and it does not appear that the State placed undue emphasis on the extraneous offense evidence. We therefore conclude that this factor weighs

only slightly against the admissibility of the extraneous offense evidence. *See Toliver v. State*, 279 S.W.3d 391, 398–99 (Tex. App.–Texarkana 2009, pet. ref'd) (holding factor weighed against admission where about 23 percent of direct testimony concerned extraneous offenses).

Lastly, under the circumstances of this case, there does not appear to have been any other evidence that would have rebutted appellant's testimony and his defense that he lacked knowledge or intent. Therefore, the fourth factor, concerning the need for such evidence, also weighs in favor of finding the evidence more probative than prejudicial. *See Prince*, 192 S.W.3d at 56 (holding extraneous offense evidence was necessary to establish intent under the circumstances of the case).

As indicated, only the third factor, the time spent developing the extraneous offense evidence, weighs against admissibility and that only slightly. Considering the four factors together, we conclude that the trial court was within the zone of reasonable disagreement in determining that the probative value of the extraneous offense evidence was not substantially outweighed by its prejudicial effect. *See Hammer v. State*, 296 S.W.3d 555, 568 (Tex.Crim.App. 2009) ("[Rule 403] envisions exclusion of evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value'") (quoting *Conner v. State*, 67 S.W.3d 192, 202 (Tex.Crim.App.2001)). The trial court, therefore, did not abuse its discretion in admitting the extraneous offense evidence. Consequently, we overrule appellant's third issue.

## VI. LESSER-INCLUDED OFFENSE

In his fourth issue, appellant asserts the trial court erred in including the lesser-included offense of robbery in the jury charge. Appellant was indicted on the offense of aggravated robbery. The State requested and received an instruction on the lesser-included offense of robbery. In response, appellant requested and received an instruction on the lesser-included offense of theft from a person. The jury convicted appellant of the offense of robbery.

The Texas Court of Criminal Appeals, in *Grey v. State*, 298 S.W.3d 644 (Tex.Crim.App.2009), held that the test for determining when a trial judge should submit a jury instruction on a lesser-included offense requested by the State, is the lesser-included offense must be included within the proof necessary to establish the offense charged. *See Grey*, 298 S.W.3d at 645. This holding overruled *Arevalo v. State*, 943 S.W.2d 887 (Tex.Crim.App. 1997), which had held that both the State and defendant were required to satisfy both prongs of the *Royster–Rousseau* test. *See Royster v. State*, 622 S.W.2d 442 (Tex. Crim.App.1981); *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.1993).[2] Appellant does not dispute that robbery is a lesser-included offense of aggravated robbery and therefore does not challenge the *Grey* test. Appellant challenges only the second prong of the *Royster–Rousseau* test, which requires some evidence to support that if the defendant is guilty, he is guilty only of the lesser offense. *See Rousseau*, 855 S.W.2d at 673. However, because the State is no longer bound by the second prong of the *Royster–Rousseau*

**2.** Under the *Royster–Rousseau* test, a defendant must show that the lesser-included offense must be included within the proof necessary to establish the offense charged and that there is some evidence to support that if he is guilty, he is guilty only of the lesser offense. *See Royster*, 622 S.W.2d at 446–47; *Rousseau*, 855 S.W.2d at 673.

test, we overrule appellant's fourth issue. *See id.*

### VII. CONCLUSION

Because we conclude there is sufficient evidence to support a conviction of robbery, trial counsel was not ineffective, and the trial court did not err in admitting evidence of extraneous offenses or in charging the jury on the lesser-included offense of robbery, we affirm the trial court's judgment.