**Affirmed and Memorandum Opinion filed January 9, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00075-CR

---

### DONNOVON RAY ROBINSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 149th District Court
### Brazoria County, Texas
### Trial Court Cause No. 93011-CR

---

## MEMORANDUM OPINION

Donnovan Ray Robinson appeals his conviction for attempted aggravated assault. Tex. Penal Code Ann. §15.01(a); Tex. Penal Code Ann. § 22.02(a)(2). In one issue, he contends the judgment is not supported by legally sufficient evidence. Concluding otherwise, we overrule appellant's issue and affirm the judgment.

### Background

The charge against appellant arose from an argument at a "Take 5" auto

service franchise, which is a drive-through auto-service center where drivers remain in their vehicles. On the day in question, appellant was in his car waiting for service. In line ahead of him was a truck driven by complainant, Petric Nichols. Apparently upset that Nichols was not moving his truck forward, appellant began honking his horn. An assistant manager, Peter Garcia, greeted appellant, who was cussing and yelling at Nichols. Garcia directed Nichols into the first bay and directed appellant into the third bay. Garcia approached appellant's car, while appellant continued yelling at Nichols. Nichols rolled down the back window of his truck. According to Nichols, appellant said things like, "Don't get out of your car. You better not get out of your car. Oh, oh, why don't you get out of your car, you effing B." Then Nichols began walking toward appellant's car, while the two of them kept arguing. Appellant, still seated in his driver's seat, lifted up a gun and pointed it at Nichols, who was ten to fifteen feet away. Nichols stopped walking but continued yelling at appellant. Nichols testified that he "noticed a red dot floating around [his] chest," which he assumed was a laser sight coming from appellant's gun. Appellant used slang that Nichols construed as a threat to shoot him. According to Garcia, however, appellant never threatened to use the gun. Nichols yelled back, "Well, I guess we know now who the real bitch is. You have a gun on me?" After these exchanges, Garcia left to find his supervisor.

Appellant testified at trial. He acknowledged honking his horn at Nichols and that they exchanged profanities. Appellant testified that, after to being directed to separate service bays, and while he was speaking with Garcia about a vehicle inspection, Nichols began yelling at him. He said Nichols told him repeatedly, "[w]hy don't you get out [sic] the car?" Appellant heard a car door slam and saw Nichols walking quickly toward him. Appellant panicked and pulled

2

out his gun. Appellant said he showed it to Nichols but did not point it at him. He testified that when Nichols saw the gun he said, "I can shoot you, too, if that's what you want to do. I'll go get my gun." In response, appellant said he pointed his gun at Nichols.

Nancy Thompson, who was having her oil changed in the service bay between appellant and Nichols, witnessed the commotion and called 9-1-1. She could not specifically identify either appellant or Nichols at trial, but she agreed that the "man in the Jeep" (appellant) pointed a gun at the other man who had exited his truck. Thompson said she could see the barrel of a gun inside appellant's car. She was clear, however, that appellant did not extend any part of the gun outside his car window. Thompson could not say whether appellant was "going to fire" the gun.

A Take 5 employee intervened and told appellant that he needed to leave, and appellant drove away.

A Brazoria County grand jury charged appellant with aggravated assault-by-threat. Tex. Penal Code §§ 22.01(a)(2), 22.02(a)(2). The indictment alleged that appellant "intentionally or knowingly threaten[ed] Petric Nichols with imminent bodily injury and did use or exhibit a deadly weapon, namely, a firearm." Trial was to a jury. The jury charge included instructions on aggravated assault and attempted aggravated assault, a lesser included offense.[1] The jury acquitted appellant on the charged offense of aggravated assault but found him guilty of attempted aggravated assault. After hearing punishment evidence, the jury assessed appellant's punishment at six years confinement in the penitentiary and

---

[1] It is unclear from the record whether the State requested an instruction on attempted aggravated assault or whether the court included the instruction on its own. Appellant did not request it, as he objected to the instruction on no evidence grounds.

recommended that appellant be granted community supervision.  The court signed a judgment of conviction, which assessed punishment of confinement for six years in the Texas Department of Criminal Justice—Institutional Division but suspended the sentence and placed appellant on community supervision for ten years.

Appellant timely appealed to this court and raises one issue:  the evidence is insufficient to support the conviction for attempted aggravated assault.

**Analysis**

**A.     Standard of Review**

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt.  *Sifuentes v. State*, 494 S.W.3d 806, 810 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)).  We do not sit as a thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence.  *Sifuentes*, 494 S.W.3d at 810.  Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts.  *Id*. This standard applies equally to circumstantial and direct evidence.  *Id*.  Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Id*.

**B.     Sufficient Evidence Supports the Conviction for Attempted Aggravated Assault**

The jury found appellant not guilty of aggravated assault but guilty of attempted aggravated assault.  Attempted aggravated assault is a lesser-included

4

offense of aggravated assault. Tex. Code Crim. Proc. art. 37.09(4); *Dixon v. State*, 358 S.W.3d 250, 255 (Tex. App.—Houston [1st Dist.] pet. ref'd). Under the law of criminal attempt, a person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *See* Tex. Penal Code § 15.01(a). A person commits an aggravated assault if the person commits assault as defined in section 22.01 and the person uses or exhibits a deadly weapon during the commission of the assault. Tex. Penal Code Ann. §22.02(a)(2). A person commits an assault if the person intentionally or knowingly threatens another with imminent bodily injury. Tex. Penal Code Ann. § 22.01(a)(2). Appellant contends there is no evidence that he did an act amounting to more than mere preparation to commit aggravated assault but failed to effect the commission of that offense.

The statute establishing the offense of attempt draws an "imaginary line" between mere preparatory conduct, which is usually non-criminal, from an act which tends to effect the commission of the offense, which is always criminal conduct. Tex. Penal Code Ann. §15.01(a); *Adekeye v. State*, 437 S.W.3d 62, 68 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Where the imaginary line falls must be determined on a case-by-case basis. *Adekeye*, 437 S.W.3d at 68-69. A person may commit an attempt even if he could have taken further actions without actually committing the intended offense. *Id*. at 69. To constitute an attempt, an act can, but need not, be the "last proximate act" before the intended crime is effected. *McCravy v. State*, 642 S.W.2d 450, 460 (Tex. Crim. App. 1980); *Cody v. State*, 605 S.W.2d 271, 273 (Tex. Crim. App. 1980).

There was testimony that appellant was cursing and yelling at Nichols before they entered the service bays, that they continued yelling at each other after driving into the bays, and that appellant shouted a warning at Nichols not to get out of his

5

car.  There was evidence that appellant held up a gun and eventually pointed it at Nichols, though Thompson testified that appellant kept the gun inside his car and did not extend it.  Garcia, the Take 5 employee, said that appellant never threatened to use the gun.  The jury was free to believe or disbelieve any or all of the testimony.  *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).  Viewing all the evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that appellant specifically intended to commit aggravated assault, and that he performed an act that was more than mere preparation but failed to effect the commission of aggravated assault.  We hold the evidence is legally sufficient.

Appellant stresses that the prosecutor misstated the law of attempt during closing argument by commenting, "[a]nd if you think somewhere in this continuum of this event happening that the defendant was thinking about committing aggravated assault but hadn't completed it, then you could say he was attempting to do it."  Appellant says this does not accurately state Texas attempt law, which requires *an act* in preparation of the offense rather than merely *thinking* about committing an offense.  There was no objection to this statement, however, and assuming the prosecutor misstated Texas law, we disregard non-constitutional, unobjected-to error unless the defendant's substantial rights are affected.  Tex. R. App. P. 44.2(b).  Given our holding that the evidence could have led a rational factfinder to convict appellant of attempted aggravated assault based on a correct understanding of Texas law and the jury charge as a whole, we conclude that any misstatement of law by the prosecutor did not affect appellant's substantial rights.

To be sure, the evidence in this case is also legally sufficient to have supported a conviction on the greater offense of aggravated assault even though the jury acquitted appellant of that offense.  For example, under Texas law, the display

of a deadly weapon of and within itself constitutes a threat of the required imminent harm. *Sosa v. State*, 177 S.W.3d 227, 231 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Appellant's acquittal on the greater offense, however, does not mean that evidence is necessarily lacking on the offense of attempted aggravated assault, as appellant suggests. As the Court of Criminal Appeals has stated,

> An offense is denominated as "lesser-included" precisely because proof of the lesser offense is "included" in the offense described in the charging instrument. If the State proves the charged offense, it necessarily proves all lesser-included offenses.

*Wasylina v. State*, 275 S.W.3d 908, 910 (Tex. Crim. App. 2009). In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense. Tex. Code Crim. Proc. Ann. art. 37.08. At least one reasonable view of the evidence in today's case may support conviction of the lesser offense as a valid, rational alternative to the charged offense.

Additionally, the court or the State in this case may have desired to give the jury the option to be lenient and decide that a conviction on the lesser offense of attempted aggravated assault was more appropriate under the circumstances. Texas approves this type of "cautious" approach in submitting lesser-included offenses to juries. *See Grey v. State*, 298 S.W.3d 644, 651 (Tex. Crim. App. 2009).

To the extent appellant suggests that the acquittal on aggravated assault and the conviction on attempted aggravated assault are inconsistent, we note that inconsistent verdicts in prosecutions based on the same evidence do not require a reversal on the ground of legal insufficiency. *Blacklock v. State*, 611 S.W.3d 162, 169 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd); *see Thomas v. State*, 352 S.W.3d 95, 101 (Tex. App.—Houston [14th Dist.] 2011, pet ref'd) (possibly

7

inconsistent verdicts do not necessarily imply a lack of evidence but may stem from jury's desire to be lenient).

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.


/s/     Kevin Jewell
         Justice


Panel consists of Chief Justice Christopher, and Justices Wise and Jewell.

Do Not Publish — Tex. R. App. P. 47.2(b).