

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00048-CR

———————————————

TREVOR JAMES JORDAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1687491

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

A jury found Appellant Trevor Jordan guilty of aggravated assault against a public servant and assessed his punishment at thirty years' imprisonment in the Texas Department of Criminal Justice. The trial court sentenced Jordan in accordance with the jury verdict.

On appeal, in one point, Jordan argues that he received ineffective assistance of counsel during the punishment trial because his trial attorney failed to prove that he was eligible for community supervision. Because the record shows that defense counsel elicited testimony that Jordan was eligible for community supervision and because the punishment that the jury assessed mooted any consideration of community supervision, we overrule Jordan's point and affirm the trial court's judgment.

## I. BACKGROUND

Because Jordan limits his complaint to the punishment trial, we likewise limit our discussion to it.

During the punishment trial, defense counsel called Jordan as a witness and, among his opening questions, asked Jordan the following:

> Q. Okay. And prior to this incident, had you ever been in jail before?
>
> A. Never been arrested, never been suspected of a crime, never been to jail before.
>
> Q. Anything prior to this day?

2

A.  No, sir.

The court's punishment charge provided, "In this case, the defendant has filed an application in writing under oath, stating that he has never before been convicted of a felony and has requested that the imposition of any sentence imposed be suspended and that he be placed on community supervision."  The next five paragraphs of the charge addressed community supervision.  The jury was given two options: assess a prison term of five to ninety-nine years or life or assess a prison term of five to ten years and recommend community supervision.

The State did not object to the punishment charge.

During the punishment trial's final arguments, defense counsel argued that someone without a prior felony conviction is eligible for community supervision and stated that Jordan did not have a prior felony conviction.  Defense counsel later discussed what community supervision entailed.  For its part, the State asked for a life sentence.

## II.  DISCUSSION

In his brief, Jordan contends that he received ineffective assistance of counsel during the punishment trial because his trial attorney failed to prove that he was eligible for community supervision.

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017); *see* U.S. Const. amend. VI. To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). The record must affirmatively demonstrate that the claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

## B. JURY-RECOMMENDED COMMUNITY SUPERVISION

To be eligible for community supervision in a jury trial, the defendant must, before trial begins, file a written sworn motion with the judge that he has not previously been convicted of a felony in Texas or any other state. Tex. Code Crim. Proc. Ann. art. 42A.055(b)(1). Additionally, the jury's verdict must include a finding that the information contained in the defendant's motion is true. *Id.* art. 42A.055(b)(2); *Mayes v. State*, 353 S.W.3d 790, 793 (Tex. Crim. App. 2011).

## C. NO DEFICIENCY

### 1. No Deficiency

Although it is true that defense counsel did not ask Jordan expressly whether he had ever been convicted of a felony, he did ask him whether he had ever been to

4

jail or had previously been in trouble with the law, to which Jordan answered that he had not. Jordan himself offered that he had never even been suspected of a crime. A jury is permitted to draw reasonable inferences from the evidence presented at trial, provided each inference is supported by the evidence. *Baltimore v. State*, 689 S.W.3d 331, 342 (Tex. Crim. App. 2024). A jury could have reasonably concluded that someone who had no previous problems with the law, had never been suspected of a crime, and had never before been in jail had not committed any prior felonies.

In short, the record does not show that counsel's performance was deficient.

### 2. No Prejudice

Assuming defense counsel's performance had been deficient, Jordan could nevertheless not show prejudice. When the jury assessed a punishment of incarceration for thirty years, it effectively mooted any question regarding Jordan's eligibility for community supervision. *See Ex parte Cash*, 178 S.W.3d 816, 817–19 (Tex. Crim. App. 2005); *Sifuentes v. State*, 494 S.W.3d 806, 814–15 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see also Welch v. State*, No. 02-17-00413-CR, 2019 WL 406159, at *6 (Tex. App.—Fort Worth Jan. 31, 2019, pet. ref'd) (mem. op., not designated for publication) ("[B]ecause the jury assessed [the defendant's] punishment at 20 years' confinement, preventing [the defendant] from qualifying for community supervision no matter her prior criminal record, [the defendant's] counsel's failure to present evidence that [the defendant] had never previously been convicted of a felony was inconsequential.").

### III. CONCLUSION

We overrule Jordan's sole point and affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 27, 2024

6