**Affirmed and Opinion filed August 23, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00263-CR

---

### JAVARA PRICE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1408375**

---

## O P I N I O N

Appellant Javara Price appeals his conviction of aggravated robbery, raising two issues. Appellant contends: (1) the trial court erred in admitting hearsay testimony of statements made by the complainant to the responding police officer; and (2) the evidence is insufficient to support his conviction because it is based solely on the complainant's unreliable out-of-court identification of appellant.

We hold that the evidence is legally sufficient to support appellant's

conviction for aggravated robbery. We also hold that the trial court did not abuse its discretion in admitting the complainant's out-of-court statements to the police officer because the record supports admission of the first set of statements under the excited utterance exception to the hearsay rule, and the second set of statements was non-hearsay under Texas Rule of Evidence 801(e)(1)(C).

## BACKGROUND

According to testimony of the complainant, Joel Fraustro, he walked outside his apartment one evening to retrieve his daughter's homework from his girlfriend's vehicle. While he searched the vehicle, two men approached him. One of the men held a shotgun to his head and demanded Fraustro give them his cell phone and money. After Fraustro told the two men that he had neither, they patted him down, told him to turn around and start walking, and threatened to shoot him if he looked back. Fraustro complied and began walking away from the vehicle. Left with the keys to the vehicle, the two men drove away.

Fraustro returned to his apartment and knocked on the front door. Fraustro testified that his girlfriend initially did not let him in because he was "hysterical" and she did not recognize his voice. Fraustro proceeded to tell his girlfriend what occurred, and she immediately called the police. Approximately six to ten minutes later, HPD officers Cabrera and Rodriguez arrived and spoke with Fraustro. Officer Cabrera testified that Fraustro was "visibly upset" and "[h]is hands were shaking." Over defense counsel's objection, Officer Cabrera related to the jury what Fraustro told him about the robbery and the identity of the two men he alleged robbed him.[1]

---

[1] Defense counsel's objections were based on hearsay and denial of confrontation. The trial court overruled the objections, but granted defense counsel a running objection to the State's line of questioning. On appeal, appellant challenges admission of the statements on hearsay grounds only.

According to Officer Cabrera's testimony, he and Officer Rodriguez left the apartment and began searching the area for the stolen vehicle. They subsequently parked their patrol car at a gas station located at the corner of Broadway Street and Morley Street, near Fraustro's apartment. While Officer Cabrera was completing the offense report, he saw the stolen vehicle traveling east on Morley Street. The officers followed the vehicle and observed two men inside the vehicle who matched Fraustro's description of the robbers. The officers confirmed the license plate number and made a traffic stop.

The driver accelerated the stolen vehicle and attempted to flee but soon lost control and flipped the vehicle, which landed on the driver's side. After detaining the two occupants, the officers searched the vehicle. Officer Cabrera testified that when he approached the vehicle, he observed a shotgun laying beneath the driver's side window. He described the shotgun as dark in color and missing the butt. After securing the weapon, officers removed three unfired slug shells from the shotgun.

As the officers secured the scene, Fraustro and his family passed by on their way to a friend's house and recognized their vehicle. Officer Cabrera testified that Fraustro was "very upset" when he arrived on the scene and saw the damaged car. He also estimated that about thirty-five to forty-five minutes had passed since the robbery.

Because Fraustro was present and a relatively short amount of time had passed since the robbery, Officer Cabrera decided to conduct a "show up" identification at the scene of the accident. Officer Cabrera read Fraustro the witness admonishment form and proceeded to present the suspects to Fraustro for identification. Over defense objection, Officer Cabrera testified as to what Fraustro told him during the show up, including his positive identification of

3

appellant.[2]

Fraustro also testified during the trial. Fraustro testified that he identified appellant at the accident scene as the person who robbed him while pointing a shotgun at his head. According to Fraustro, he was "enraged" when he arrived at the scene and saw the damaged car. The officers told him to wait by the gas station until they were ready to have him identify the suspects at the scene. The officers later showed him each suspect individually. Fraustro testified that he was able to identify the two men as the robbers. Fraustro then identified appellant in the courtroom as the man who held the shotgun to his head. Fraustro also identified the shotgun police recovered from the vehicle as the same shotgun appellant used in the robbery.

The jury found appellant guilty of aggravated robbery and assessed punishment at confinement for 19 years. This appeal followed.

## ANALYSIS

Appellant presents two issues on appeal. We address appellant's second issue first because it challenges the sufficiency of the evidence and seeks rendition of a judgment of acquittal.

### I. Sufficient evidence supports appellant's conviction of aggravated robbery.

Appellant's second issue on appeal challenges the sufficiency of the evidence to support his conviction. We hold that a rational trier of fact could have concluded beyond a reasonable doubt that appellant committed aggravated robbery.

In reviewing the sufficiency of the evidence to support a conviction, we

---

[2] Defense counsel repeated his objection on hearsay and confrontation grounds. The trial court overruled his objection and granted a running objection to the line of questioning.

determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In making this review, an appellate court considers all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) (citing *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999)). The jury is the sole judge of the credibility of witnesses and the weight afforded their testimony. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury may reasonably infer facts from the evidence as it sees fit. *See Canfield v. State*, 429 S.W.3d 54, 65 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Therefore, the testimony of a single eyewitness can be enough to support a conviction. *Id*. (citing *Aguilar v. State,* 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)).

A person commits aggravated robbery if, (1) in the course of committing theft, and (2) with intent to obtain or maintain control of property, (3) he knowingly or intentionally (4) threatens or places another in fear of imminent bodily injury or death, and (5) uses or exhibits a deadly weapon. Tex. Penal Code Ann. §§ 29.02(a), 29.03(a)(2) (West 2011). A firearm is a deadly weapon. *Id*. § 1.07(a)(17) (West Supp. 2015).

Appellant challenges the sufficiency of the evidence to support the finding that he was one of the two men who committed the aggravated robbery. Because appellant was not identified by any other witnesses and did not make any incriminating statements to the police, appellant argues that the conviction rests

solely on Fraustro's unreliable identification of him at the scene of the accident. Appellant contends on-the-scene identifications are generally unreliable due to their suggestive nature. Appellant also attacks the quality of the evidence, pointing to inconsistencies in the description of the suspects Fraustro gave police and the physical characteristics of appellant upon arrest.

Although this Court acknowledged in *Fite v. State* that on-the-scene identifications have "some degree of suggestiveness," we concluded that "their use is necessary in cases, such as this one, where time is of the essence in catching a suspect and an early identification is aided by the fresh memory of the victim." 60 S.W.3d 314, 318 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see Garza v. State*, 633 S.W.2d 508, 512 (Tex. Crim. App. 1982) (citing *Stovall v. Denno*, 388 U.S. 293, 302 (1967)). Fraustro's identification of appellant at the scene of the accident was, therefore, not categorically unreliable. *See Neil v. Biggers*, 409 U.S. 188, 198 (1972) (stating that admission of evidence from show-up identification should not be excluded without additional evidence of unnecessary suggestiveness).[3]

Whether Fraustro's on-the-scene identification of appellant meets the reliability standard of *Neil* is not an issue we must resolve in addressing appellant's

---

[3] In *Neil*, the US Supreme Court listed these five non-exclusive factors that should be "weighed against the corrupting effect of any suggestive identification procedure in assessing reliability under the totality of the circumstances":

(1) The opportunity of the witness to view the criminal at the time of the crime;

(2) The witness' degree of attention;

(3) The accuracy of the witness' prior description of the criminal;

(4) The level of certainty demonstrated by the witness at the confrontation; and

(5) The length of time between the crime and the confrontation.

*Id*. at 199–200.

sufficiency challenge.[4]  In reviewing the sufficiency of the evidence, we consider all evidence in the record, whether it was admissible or inadmissible.  *Winfrey*, 393 S.W.3d at 767.  Applying this standard, we consider Fraustro's on-the-scene identification of appellant as well as the other evidence that linked appellant to the robbery.

Appellant was apprehended only a few blocks from the crime scene thirty minutes after the robbery occurred.  Appellant was riding in the stolen vehicle and matched Fraustro's description of the suspect.  A shotgun was found lying beneath the vehicle's window.  Fraustro testified that appellant held the shotgun to his head and at one point threatened to shoot Fraustro if he did not cooperate.  Fraustro also positively identified appellant in the courtroom and identified the shotgun recovered from the accident scene as the same shotgun appellant used to commit the robbery.

Appellant's other challenge to the sufficiency of the evidence is based on inconsistencies in Fraustro's description of appellant.  For example, Officer Cabrera testified that Fraustro described the robbers as wearing "dark clothing." When Fraustro testified, he told the jury that one man wore a gray shirt and the other wore a white shirt.  This discrepancy, however, does not require reversal of appellant's conviction.  *See Bradley*, 359 S.W.3d at 917 ("It was the jury's role to decide whether that testimony was credible, and we will not disturb the jury's decision.").  The jury may resolve any conflicts or inconsistencies in the evidence. *Id.*; *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001), *cert. denied,* 537 U.S. 1195 (2003).  The jury was therefore not required to disregard Fraustro's testimony simply because parts of it were inconsistent with other testimony.  *See*

---

[4]  The record also shows appellant did not file a motion to suppress the on-the-scene identification or object to its admission on reliability grounds, thereby failing to preserve any complaint for appellate review.  *See* Tex. R. App. P. 33.1(a).

*Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd,* 206 S.W.3d 620 (Tex. Crim. App. 2006).

On this record, we conclude a rational trier of fact could have concluded beyond a reasonable doubt that appellant committed aggravated robbery. We therefore hold the evidence is sufficient to support appellant's conviction, and we overrule his second issue.

## II. The trial court did not abuse its discretion in allowing Officer Cabrera to testify to Fraustro's out-of-court statements.

Appellant contends in his first issue that the trial court committed reversible error by improperly admitting hearsay evidence under the excited utterance exception. Specifically, appellant challenges two lines of testimony that he argues contain inadmissible hearsay: (1) Officer Cabrera's testimony regarding Fraustro's account of the robbery and description of the suspects, which Fraustro gave Officer Cabrera shortly after his arrival at Fraustro's apartment; and (2) Officer Cabrera's testimony regarding Fraustro's identification of appellant at a "show-up" identification conducted at the scene of the vehicle accident.

We conclude the trial court did not abuse its discretion in admitting the first line of testimony because the record supports the trial court's finding that the statements were admissible as an excited utterance under Rule of Evidence 803(2). We also conclude that the trial court did not err in allowing the second line of testimony because Fraustro's statements were non-hearsay under Texas Rule of Evidence 801(e)(1)(C).

### A. Standard of review and applicable law

We review a trial court's decision to admit evidence for an abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). A trial court abuses its discretion only if "the trial judge's decision was so clearly wrong

8

as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). If the trial court's evidentiary ruling was correct on any theory of law applicable to that ruling, we must affirm the ruling. *Gomez v. State*, 380 S.W.3d 830, 836 n.9 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *De La Paz v. State,* 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

The Texas Rules of Evidence define hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Although hearsay is generally inadmissible, Rule 803 provides an exception for admitting excited utterances: statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Tex. R. Evid. 803(2); *see Zuliani*, 97 S.W.3d at 595–96. The basis for the excited utterance exception is "a psychological one, namely, the fact that when a man is in the instant grip of violent emotion, excitement or pain, he ordinarily loses the capacity for reflection necessary to the fabrication of a falsehood and the 'truth will come out.'" *Evans v. State*, 480 S.W.2d 387, 389 (Tex. Crim. App. 1972).

In determining whether a hearsay statement is admissible as an excited utterance, the court should consider whether "(1) the 'exciting event' [is] startling enough to evoke a truly spontaneous reaction from the declarant; (2) the reaction to the startling event [is] quick enough to avoid the possibility of fabrication; and (3) the resulting statement [is] sufficiently 'related to' the startling event, to ensure the reliability and trustworthiness of the statement." *McCarty v. State*, 257 S.W.3d 238, 241 (Tex. Crim. App. 2008). The court may also consider the time elapsed and whether the statement was in response to a question. *Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001). These factors are not dispositive,

however. *Zuliani*, 97 S.W.3d at 596. The critical determination is "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event" or condition at the time of the statement. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992).

The Texas Rules of Evidence also define as non-hearsay certain types of statements that would otherwise constitute hearsay. One of these hearsay exclusions provides that a statement is not hearsay if the declarant testifies at trial and is subject to cross-examination concerning the statement and the statement is one of identification of a person made after perceiving the person. Tex. R. Evid. 801(e)(1)(C); *see Thomas v. State*, 811 S.W.2d 201, 208 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd); *Smith v. State*, 830 S.W.2d 328, 330 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (holding detective's testimony regarding declarant's pretrial identification of defendant in photo array and lineup was not hearsay because declarant testified at trial, was subject to cross examination, and her statement pertained to identification of person made after perceiving him). Applying these standards, we examine the two lines of testimony appellant challenges on appeal.

**B.**   **The trial court did not err in admitting Officer Cabrera's testimony of the statements the complainant made at the apartment.**

Appellant's first complaint relates to Officer Cabrera's testimony regarding what Fraustro told him shortly after Officer Cabrera arrived at Fraustro's apartment. Fraustro told Officer Cabrera the details of the robbery and gave the following description of the suspects:

Q.   And did [Fraustro] provide you with a description of the suspects?

A.   He did.

Q. What was that description?

A. Two young black males 19 to 23, dark clothing, short haircuts.

. . . .

Q. Did you ask him how good a look he got at the two suspects?

A. They were very close to him when the robbery occurred so he got a good look at the suspects and he said that he would be able to identify if he saw them again.

Appellant argues that this testimony was inadmissible hearsay. We disagree.

The trial court's ruling is supported by the record, which contains evidence that Fraustro was still dominated by the emotions, excitement, fear, or pain of the robbery when he made the statements to Officer Cabrera. Officer Cabrera testified that he arrived at Fraustro's apartment about six minutes after receiving the call for service and proceeded to meet with Fraustro. He described Fraustro as "visibly upset." Officer Cabrera noticed Fraustro's "hands were shaking" and he appeared "just generally upset that he had just been robbed."

The fact that Fraustro's statements were made in response to Officer Cabrera's questions does not make the statements inadmissible under the excited utterance exception; it is only a factor to consider. *See Zuliani*, 97 S.W.3d at 596; *Amador v. State*, 376 S.W.3d 339, 344 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The key question is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event. *Id*. Given the traumatic nature of the robbery, his girlfriend's testimony that Fraustro was "hysterical" afterwards, Officer Cabrera's description of Fraustro as "visibly upset" and "shaking" at the time of the statements, and the relatively short time between the robbery and his statements, it was not outside the zone of reasonable disagreement for the trial court to conclude that Fraustro was still under the stress of the robbery when he

11

made the statements. Under these circumstances, we conclude the trial court did not abuse its discretion in admitting this hearsay testimony under the excited utterance exception.

**C.    The trial court did not err in admitting the complainant's out-of-court statements made at the scene of the vehicle accident.**

Appellant also challenges the trial court's admission of a second line of Officer Cabrera's testimony, in which he was permitted to testify about what Fraustro told him during the on-the-scene identification of appellant.

Q.    Was [Fraustro] able to identify [appellant's co-defendant]?

A. Yes he was.

Q.    Was it a positive identification?

A.    It was a positive identification.

. . . .

Q.    . . . was he confident that it was the correct person?

A.    He was confident.

. . . .

Q.    Now, after the witness identified [appellant's co-defendant] did you attempt to see if he could identify [appellant]?

A.    Yes.

Q.    And was he able to?

A.    Yes.

. . . .

Q.    And did he explain to you what the - - what [appellant's] role in the robbery was?

A.    Yes he did.

Q.     And what did he tell you?

. . . .

A.     He stated he was the suspect with the gun, with the shotgun.

Q.     Okay.  And was that also a positive identification?

A.     Yes it was.

Appellant relies on *Williams v. State*, 531 S.W.2d 606, 611 (Tex. Crim. App. 1975), which held that a police officer's testimony recounting the complainant's statements was inadmissible hearsay designed to bolster the complainant's unimpeached identification testimony.  Inferring that the same rule should apply here, appellant argues that Officer Cabrera should not have been permitted to testify that Fraustro positively identified appellant.

Appellant's argument is unpersuasive, however, because bolstering is no longer a valid objection to a witness's identification of a defendant given the Rule 801(e)(1)(C) hearsay exclusion.[5]  Tex. R. Evid. 801(e)(1)(C); *Jackson v. State*, 846 S.W.2d 411, 414 (Tex. App.—Houston [14th Dist.] 1993, no pet.) ("[Rule 801(e)(1)(C)] has eliminated bolstering as a valid objection in that such testimony is no longer hearsay.");  *Thomas*, 811 S.W.2d at 208 (holding that, under Rule 801(e)(1)(C), bolstering declarant's identification with police testimony is permissible if declarant testifies and is subject to cross-examination concerning statement).

Here, Officer Cabrera's testimony of Fraustro's out-of-court statements

---

[5] *Williams* was decided prior to the adoption of the Texas Rules of Criminal Evidence in 1985 and the unified Texas Rules of Evidence in 1998. *See Rivas v. State*, 275 S.W.3d 880, 885–86 (Tex. Crim. App. 2009).  Rule 801(e)(1)(C) provides that a statement is not hearsay if the declarant testifies and is subject to cross-examination about the prior statement, and the statement identifies a person as someone the declarant perceived earlier.  Tex. R. Evid. 801(e)(1)(C).

identifying appellant as the man who robbed him was non-hearsay under Rule 801(e)(1)(C) because Fraustro later testified, was subject to cross-examination, and the statement identified appellant as someone Fraustro perceived earlier. *See Hill v. State*, 392 S.W.3d 850, 858 (Tex. App.—Amarillo 2013, pet. ref'd); *Cuevas v. State*, No. 14-12-00480-CR, 2013 WL 4007814, at *2 (Tex. App.—Houston [14th Dist.] Aug. 6, 2013, no pet.) (mem. op., not designated for publication). This exclusion from the hearsay rule also extends to other statements Fraustro made to Officer Cabrera during the identification, such as his description of appellant's role in the robbery. *See Delacerda v. State*, 425 S.W.3d 367, 393 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("[L]imiting admissible testimony under the identification exclusion to the hearsay rule solely to the declarant's naming of the identified individual and not allowing testimony regarding what the declarant identified the individual as doing is unduly restrictive."). In *Delacerda*, the First Court of Appeals concluded that Rule 801(e)(1)(C) permitted the law enforcement officer to testify not only to the complainant's identification of the individual in the lineup, but to his actions during the crime as well. *Id*. at 391–393.[6] The Rule applies equally here. Officer Cabrera was permitted to testify to Fraustro's positive identification of appellant as well as his description of appellant's role in the robbery—holding the shotgun. Admitting Fraustro's statements surrounding the identification provided context to the fact-finder and avoided confusion over which of the two suspects threatened Fraustro with the shotgun.

Accordingly, we hold the trial court did not abuse its discretion in admitting

---

[6] *Delacerda* approved of other jurisdictions' rationale for allowing testimony regarding what the declarant identified the individual as doing. The Illinois Supreme Court, for example, construed "statement of identification" under the Rule to include "the entire identification process," *People v. Tisdel*, 775 N.E.2d 921, 926–27 (Ill. 2002); the D.C. Circuit of Appeals held that identification "must have context" to be understandable and probative. *Johnson v. United States*, 820 A.2d 551, 559 n.4 (D.C. 2003).

either the first or second line of Officer Cabrera's testimony. Appellant's first issue is overruled.

## CONCLUSION

Having overruled each of appellant's issues, we affirm the trial court's judgment.

/s/    J. Brett Busby
           Justice

Panel consists of Justices Christopher, McCally, and Busby.
Publish — TEX. R. APP. P. 47.2(b).