**Leonard PICKRON, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14–16–00080–CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed January 31, 2017.

Discretionary Review Refused
June 7, 2017

Brandy Robinson, Bellville, TX, for State.

Calvin Garvie, Bellville, TX, for Appellant.

Panel consists of Chief Justice Frost and Justices Brown and Jewell.

## OPINION

Kem Thompson Frost, Chief Justice

Appellant Leonard Pickron challenges his conviction for murder on the grounds that the trial court reversibly erred in allowing hearsay testimony into evidence under the excited-utterance exception to the rule against hearsay. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant met the complainant Miraunda Jackson while he was residing in a group home for individuals with intellectual disabilities. The complainant, who worked in the group home and had become attached to appellant in a motherly relationship, decided to offer appellant the opportunity to live with her in foster care to allow appellant more freedom. Appellant was in his early twenties and was not subject to any guardianship. Appellant agreed to foster care with the complainant. At first, the foster-care arrangement worked well, but over time, appellant and the complainant got into escalating fights as appellant rejected the rules the complainant expected appellant to follow in her home.

One evening the complainant and appellant got into a fight after appellant violated his curfew by staying too late at the complainant's sister's home. The complainant became afraid of what appellant might do. She called her sister as well as appellant's caseworker and the director of the group home, and told each of them that she was afraid of appellant and that appellant was destroying the house. Appellant left the complainant's home. On the advice of appellant's caseworker, the complainant locked appellant out of the house. Afraid for her safety, the complainant left to spend the night with a friend. The next day, the complainant returned to her house and found appellant sleeping on her porch. The complainant told appellant she was taking him back to the group home.

While she was in her pickup truck driving appellant back to the group home, the complainant called the group-home director. Through the telephone, the group-home director heard the complainant say to appellant, "What you say, boy? You better not make me wreck my car." The next thing the group-home director knew, the complainant was screaming and then the phone went dead.

At trial, several witnesses testified that the complainant's truck, which had been moving in a straight line down the highway, swerved sharply into an oncoming flatbed truck. The complainant died in the crash.

Appellant was charged with murder, to which he pled, "not guilty." At trial, the complainant's sister testified that the complainant called her the night before the crash and asked the sister to come to the complainant's home to stay with the complainant because appellant was angry and the complainant was scared of appellant. According to the sister, the complainant sounded terrified and was afraid to be alone with appellant. The sister testified that the complainant told her that she and appellant were having an argument and appellant was in the process of "tearing up the house." Appellant objected to this testimony as hearsay and the State responded that the testimony was admissible as an excited utterance. The trial court overruled appellant's objection.

The jury found appellant guilty as charged. The jury determined punishment at confinement for life and the trial court sentenced appellant to life imprisonment.

### II. ISSUE AND ANALYSIS

In his sole issue, appellant asserts that the complainant's sister's testimony was

inadmissible because it does not fit within the excited-utterance exception to the rule against hearsay.[1] We review a trial court's decision to admit evidence over objection under an abuse-of-discretion standard. *McCarty v. State*, 257 S.W.3d 238, 240 (Tex. Crim. App. 2008). The trial court abuses its discretion when the decision falls outside the zone of reasonable disagreement. *Id.*

■■■ A hearsay statement is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. *See* Tex. R. Evid. 801(d); *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). Texas Rule of Evidence 802, entitled "The Rule Against Hearsay," prohibits using hearsay statements as evidence in a trial unless the statement fits into an exception designated by statute, the rules of evidence, or another rule prescribed under statutory authority. Tex. R. Evid. 802. Rule 803(2) excepts from exclusion hearsay statements that are excited utterances. *See* Tex. R. Evid. 803(2); *Zuliani*, 97 S.W.3d at 595. An excited utterance is a "statement relating to a startling condition made while the declarant was under the stress of the excitement caused by the event or condition." Tex. R. Evid. 803(2); *Zuliani*, 97 S.W.3d at 595. The excited-utterance exception is based on the assumption that at the time of the statement, the declarant is not capable of the kind of reflection that would enable the declarant to fabricate information. *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). Therefore, a statement is admissible as an excited utterance if the declarant made the statement while dominated by the emotions, excitement, fear, or pain of the event or condition. *McFarland v. State*, 845 S.W.2d

824, 846 (Tex. Crim. App. 1992). In making excited-utterance determinations, courts are to consider the following non-dispositive factors:

(1) whether the exciting event is startling enough to evoke a truly spontaneous reaction from the declarant;

(2) whether the reaction to the startling event is quick enough to avoid the possibility of fabrication;

(3) whether the resulting statement is sufficiently "related to" the startling event to ensure the reliability and trustworthiness of the statement; and

(4) whether the statement was made in response to a question.

*See McCarty*, 257 S.W.3d at 241; *Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001).

■ The statement at issue related to appellant's behavior—actions that frightened the complainant to the point that she was afraid to be alone with appellant overnight. The complainant eventually locked and left her home and spent the night elsewhere rather than face the possibility of encountering appellant. The complainant explained that appellant was upset and she was afraid to be alone with him in that moment. According to the complainant, appellant was "trashing" her house as she spoke. The factors all point to admission of the statements as excited utterances.

- First, the exciting event evoked a spontaneous reaction from the declarant. The complainant phoned her sister in fear. The sister testified that the complainant sounded terrified.

- Second, the declarant's reaction to the startling event was immediate. The event unfolded while the complainant was talking on the phone with her

---

1. Appellant does not argue on appeal that the statement violated his constitutional right to

confront adverse witnesses, nor did appellant object under the Confrontation Clause at trial.

sister. The complainant's nearly instantaneous reaction gives assurance that there was little, if any, possibility of fabrication.

- Third, the declarant's statement related directly to the startling event—appellant's actions in destroying the house.
- Fourth, the statement was not made in response to any questioning.

Each factor weighs in favor of the trial court's determination that the declarant's statements were admissible as excited utterances.

Appellant cites two cases, *Sandoval v. State*, 409 S.W.3d 259, 285–86 (Tex. App.–Austin 2013, no pet.), and *Tienda v. State*, 479 S.W.3d 863, 874–79 (Tex. App.–Eastland 2015, no pet.), in support of his assertion that the sister's statements were not excited utterances. Neither case supports appellant's argument. In *Sandoval*, the Third Court of Appeals held that evidence of a complainant's statement to her cousin about sexual assaults that had occurred three or four months earlier was not an excited utterance. *See Sandoval*, 409 S.W.3d at 286. The *Sandoval* statement did not occur spontaneously and the record indicated that the declarant had the opportunity to reflect on whether she wanted to make the statement. *See id.* Similarly, in *Tienda*, the Eleventh Court of Appeals held that evidence of a complainant's statements to a detective were not excited utterances. *See Tienda*, 479 S.W.3d at 878. The *Tienda* court noted that the declarant initially appeared to answer questions calmly and even when the declarant became emotional, she still paused for long periods before answering, which indicated the statements were not spontaneous. *See id.*

■ Unlike the declarants in *Sandoval* and *Tienda*, the declarant in today's case made the statement while the startling event was underway. Appellant argues that the declarant's statement should not be admissible as an excited utterance because the utterance occurred before the crime. But, the excited-utterance exception to the rule against hearsay relates to statements made about startling events, even if those events are not the charged offense. *See* Tex. R. Evid. 803(2); *Dixon v. State*, 244 S.W.3d 472, 485 (Tex. App.–Houston [14th Dist.] 2007, pet. ref'd). The startling event was appellant's aggressive and frightening behavior and the excited utterance occurred in the midst of that behavior.

■ We conclude that the trial court did not abuse its discretion in determining that the complainant's statements to her sister were excited utterances and admitting the statements into evidence as an exception to the rule against hearsay. *See McCarty*, 257 S.W.3d at 241; *Price v. State*, 502 S.W.3d 278, 284–85 (Tex. App.–Houston [14th Dist.] 2016, no pet.). But, even if the trial court had erred in admitting the complainant's sister's statement into evidence, we would conclude the error was harmless. *See* Tex. R. App. P. 44.2(b). Two other witnesses testified without objection that the complainant called them and told them appellant was destroying the complainant's house. The complainant's sister testified that she was at the complainant's home earlier that day and the house was in good condition. After the collision that killed the complainant, the sister accompanied police to the complainant's home, where they discovered appellant's mattress had been cut up, the screen doors broken, and detergent poured all over the floors and counters. *See Diamond v. State*, 496 S.W.3d 124, 142–43 (Tex. App.–Houston [14th Dist.] 2016, pet. ref'd) (holding hearsay testimony harmless where the testimony was cumulative of other evidence in the record). The trial court did not err in admitting the

complainant's statements to her sister, and if the trial court had erred, the error would be harmless. *See McCarty*, 257 S.W.3d at 241; *Price*, 502 S.W.3d at 284–85; *Diamond*, 496 S.W.3d at 142–43. Accordingly, we overrule appellant's issue.

### III. CONCLUSION

The trial court did not abuse its discretion in admitting the complainant's sister's testimony as excited utterances not prohibited by the rule against hearsay. Having overruled appellant's sole issue, we affirm the trial court's judgment.