**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00311-CR**
_____

**FRANK PATILLO IV, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Jefferson County, Texas**
**Trial Cause No. 317074**

**MEMORANDUM OPINION**

Appellant Frank Patillo IV appeals his conviction for theft of service. Patillo complains that his prosecution for non-payment of a debt violated the Texas Constitution. Patillo also complains that there is insufficient evidence showing: (1) the value of the stolen service; (2) that he received proper notice as required by the statute; and (3) that after receiving notice, he failed to return the property. We reverse the trial court's judgment and render judgment of acquittal.

1

BACKGROUND

Patillo was charged by information with the criminal offense of theft of service. *See* Tex. Penal Code Ann. § 31.04 (West 2016). The information alleged that on or about August 15, 2017, Patillo

> did then and there unlawfully with intent to avoid payment for service that Defendant knew was provided only for compensation, to-wit: provision of property consisting of furniture as per a rental purchase agreement, intentionally and knowingly secure the performance of said service from [B.T.] by agreeing to provide compensation and, after service was rendered, did fail to make full payment and, after receiving notice demanding return of the product, did fail to return the property, and the value of the service stolen by the Defendant was at least seven hundred fifty dollars but less than two thousand five hundred dollars[.]

On July 17, 2017. Patillo entered into a rental-purchase agreement with AcceptanceNow, which provided that Patillo would pay a monthly rental payment to lease furniture. The agreement provided that Patillo was liable for the destruction, loss, and damage to the property in excess of normal wear and tear. The rental-purchase agreement shows that the cost of the furniture was $1443.75, and the agreement provided that Patillo would become the owner of the furniture after making monthly payments totaling $4708.75. The record shows that on September 15, 2017, AcceptanceNow sent Patillo a certified letter to an address in Beaumont, Texas, giving Patillo notice that the agreement had expired on August 15, 2017, and that he needed to contact AcceptanceNow within five days to arrange for the

2

immediate pick-up or return of the merchandise, but the letter was returned unclaimed. On October 9, 2017, AcceptanceNow sent a second certified letter to Patillo that provided him with statutory notice pursuant to section 31.04 of the Texas Penal Code, informing Patillo that the rental-purchase agreement had expired when he failed to make a renewal payment and demanding the return of the property. The record shows that the October letter was delivered to an agent in Plano, Texas, on December 11, 2017, and the evidence did not demonstrate that the letter was sent by registered or certified mail with a return receipt requested.

During the trial, Sergeant Burt Moore of the Beaumont Police Department testified that he investigated the theft of service case involving the month-to-month lease agreement between Patillo and AcceptanceNow. Moore testified that Patillo reported that he had lost the property in a flood due to Hurricane Harvey, and Moore explained to Patillo that AcceptanceNow had sent out notice that it would forgive the debt if it received proof that the property had been damaged due to the flood. Moore explained that Patillo never contacted him or AcceptanceNow to provide evidence showing that he had been affected by the flood.

Brenda Thompson, the sales manager for AcceptanceNow, testified that AcceptanceNow paid Bel Furniture $1443.75 for a two-piece living room set and a dinette set, and AcceptanceNow leased the furniture to Patillo. Thompson testified

3

that after Patillo defaulted on the first payment of the rental-purchase agreement, AcceptanceNow made numerous attempts to contact Patillo and offered him an opportunity to bring his account current, but Patillo failed to do so. Thompson explained that Patillo paid a down payment of $143.50 toward the total cost of the furniture and that the remaining value of the furniture was $1396.12.

Thompson explained that AcceptanceNow has a loss damage waiver in every agreement, which allows it to waive an account if the merchandise is damaged due to a flood or hurricane. Thompson testified that Patillo had the loss damage waiver on his account, and even though Patillo's account was past due, AcceptanceNow gave him the opportunity to provide photographic proof that the furniture was destroyed during Hurricane Harvey, but he failed to do so. Thompson testified that Patillo never offered to return the property, and a collection team unsuccessfully attempted to recover the furniture from Patillo.

Patillo testified that he signed an agreement with AcceptanceNow to purchase furniture for $1400 and that the agreement was for ninety days same as cash. According to Patillo, he was supposed to pay $192 per month along with a balloon payment at the end of the ninety days. Patillo denied signing the rental-purchase agreement that AcceptanceNow entered into evidence or the acknowledgement that he had read and understood the agreement, and he claimed that it was not his

4

signature on the documents. Patillo testified that he picked up the furniture from Bel Furniture and then took the furniture to his sister's house in Houston, because he was remodeling his house. Pattillo explained that he made the initial payment, but he never made any additional payments, because the first payment was due when the hurricane hit. According to Patillo, his sister's house flooded, and the furniture was destroyed. Patillo claimed that his sister took pictures of the furniture, but that he never saw the pictures and his sister no longer had them.

Patillo testified that he returned home approximately thirty days after the hurricane, and that he received a letter from AcceptanceNow and spoke with a representative who demanded $4000 for the furniture. Patillo explained that he also received a letter from Sergeant Moore, and that Sergeant Moore told him that if he did not make arrangements to pay $4000 to AcceptanceNow, criminal charges would be filed. According to Patillo, he talked to Sergeant Moore on two other occasions. Patillo testified that he was unable to pay AcceptanceNow $4000.

On rebuttal, the State recalled Sergeant Moore, who testified that he did not provide Patillo with an exact amount that he needed to pay AcceptanceNow in restitution. Sergeant Moore also denied speaking to Patillo on more than one occasion. According to Sergeant Moore, he had attempted to call Patillo after their

initial conversation, but Patillo did not answer or return the call. Defense counsel moved for an instructed verdict, and the trial court denied the motion.

A jury found Patillo guilty of theft of service. The trial court assessed punishment at ninety days in county jail but suspended the imposition of the sentence and placed Patillo on community supervision for two years. The trial court also assessed a $500 fine and ordered Patillo to pay restitution in the amount of $1300.25. Patillo appealed.

## ANALYSIS

In issue three, Patillo argues that there is no evidence or insufficient evidence demonstrating that the demand letter sent by AcceptanceNow was sent with a return receipt requested as required by section 31.04(c). *See* Tex. Penal Code Ann. § 31.04(c). According to Patillo, no jury could have rationally concluded beyond a reasonable doubt that the notice demanding payment was sent in the method prescribed in section 34.01(c), and his conviction should be reversed. Because this issue, if sustained, would result in rendition, we address it first. *See Price v. State*, 502 S.W.3d 278, 281 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see also* Tex. R. App. P. 47.1.

An essential element of due process as required by the Fourteenth Amendment is that the State must produce the necessary evidence to convince a factfinder beyond

a reasonable doubt of the existence of every element of the offense. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Id.* at 319; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The factfinder is the ultimate authority on the credibility of witnesses and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). We give full deference to the factfinder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. *Brooks v. State*, 323 S.W.3d 893, 899 n.13 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also "'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Clayton*, 235 S.W.3d at 778 (quoting *Hooper*, 214 S.W.3d at 16-17). We must reverse a conviction on legal sufficiency grounds when no rational factfinder could find guilt beyond a reasonable doubt based on the evidence presented. *Id.*

The offense of theft of services under section 31.04(a)(4) requires the State to prove: (1) a person, (2) with intent to avoid payment for service he knows to be provided only for compensation, (3) secures the performance of the service by agreeing to provide compensation, and (4) after the service is rendered fails to make full payment, (5) after receiving notice demanding payment. Tex. Penal Code Ann. § 31.04(a)(4). Section 31.04(c) requires that the notice demanding payment be in writing and be "sent by registered or certified mail with return receipt requested or by telegram with report of delivery requested . . . ." *Id.* § 31.04(c). We measure the sufficiency of the evidence against the hypothetically correct jury charge, and the essential elements of the crime are determined by state law. *Crabtree v. State*, 389 S.W.3d 820, 824 (Tex. Crim. App. 2012). Evidence that a demand letter was sent with a return receipt requested as required by section 31.04(c) is an element of theft of service under Section 31.04(a)(4). Tex. Penal Code Ann. § 31.04(a)(4), (c). The State bears the burden of proving all elements of the offense charged. *Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993).

The indictment alleged that after Patillo received notice demanding the return of the property, Patillo failed to return the property. Patillo challenges the notice element, arguing that the State failed to demonstrate that the demand letter was sent with a return receipt requested as required by section 31.04(c). *See* Tex. Penal Code

8

Ann. § 31.04(c). The State contends that the failure to send written notice by certified mail with a return receipt requested is not fatal to a prosecution. To support its contention, the State cites a Court of Criminal Appeals case that is distinguishable because the offense was charged under 31.04(a)(3), and the notice requirement in section 31.04(c) does not apply to section 31.04(a)(3). *See State v. Larue*, 28 S.W.3d 549, 552-53 (Tex. Crim. App. 2000); *see also* Tex. Penal Code Ann. §§ 31.04(a)(3), (c).

The record shows that AcceptanceNow sent a letter to Patillo to provide him with statutory notice pursuant to section 31.04, but the evidence did not show that the letter was sent by registered or certified mail with a return receipt requested. Viewing all the evidence in the light most favorable to the verdict, a rational juror could not conclude, beyond a reasonable doubt, that the notice demanding payment was sent to Patillo in the method prescribed in 31.04(c). *See* Tex. Penal Code Ann. § 31.04(a), (c); *Jackson*, 443 U.S. at 319; *see also Hooper*, 214 S.W.3d at 13. We conclude that the evidence was legally insufficient to support Patillo's conviction. Accordingly, we sustain issue three. Having sustained issue three, we need not address issues one, two, and four as they would not result in greater relief. *See* Tex. R. App. P. 47.1. We reverse the trial court's judgment and enter a judgment of acquittal.

REVERESED AND RENDERED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 6, 2019
Opinion Delivered August 7, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.