**Opinion issued November 13, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00211-CR

———————————

**JONATHAN JAMES LUNA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 23-CR-2483**

---

## MEMORANDUM OPINION

A jury convicted appellant Jonathan James Luna of continuous violence against the family. TEX. PENAL CODE § 25.11. The trial court assessed appellant's punishment at six years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed his notice of appeal. In a

single issue on appeal, appellant asserts that the trial court erred in admitting extraneous offense evidence against him.

We affirm.

## Background

Because appellant does not challenge the sufficiency of the evidence supporting his conviction, only a brief recitation of facts is necessary to the disposition of this appeal. Appellant was accused of assaulting two complainants within a 12-month period, namely, his wife, Kelly-Anne, and son, J.L.[1]

The charged allegation with respect to Kelly-Anne was that appellant hit her with a broom on or about October 5, 2022. The charged allegation with respect to J.L. was that appellant slapped J.L. in the face and shoved him on or about July 3, 2023.

Prior to trial, the State sought preliminary rulings as to the admissibility of a long history of alleged assaults by appellant against Kelly-Anne, relying on article 38.371[2] of the Texas Code of Criminal Procedure. Appellant did not object to the

---

[1]     We use a pseudonym to refer to the minor complainant. *See* TEX. R. APP. P. 9.10(a)(3).

[2]     The court reporter transcribed these arguments as referencing article "38.37(1)," and appellant correctly argues that article 38.37 is not applicable to this type of case. Based on the context of the arguments in the record, however, we conclude that the parties are discussing article 38.371, which applies in domestic violence cases, and that the appearance of article "38.37(1)" in the record is the product of typographical errors.

admission of this evidence, responding, "Judge, as noted, it's been a long history between the complainant and the defendant. She also has arrests and convictions for assaulting him. So, I think it would go both ways on that, Judge." The trial court ruled, as a preliminary matter, that the history of alleged assaults would be generally admissible. Appellant did not make any objections during trial to the testimony regarding the prior alleged, unadjudicated assaults.

During the guilt-innocence phase of trial, the State sought to admit evidence of appellant's prior convictions for assaulting Kelly-Anne. This time, appellant objected to the admission of previously adjudicated offenses, elaborating that their admission "would unfairly prejudice the defendant, and it would not have probative value as to the indictment we're going to trial on." The trial court ruled that the prior judgments would be admissible. Appellant renewed his objection before the prior judgments were admitted into evidence at trial, which objection the trial court overruled.

The jury charge included the following language regarding extraneous allegations:

> You are further instructed that if there is any evidence before you in this case regarding the defendant having engaged in conduct or acts other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant engaged in such conduct or acts, if any, and even then you may only consider the same in determining the intent, motive, common scheme,

3

or plan of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose.

The jury found appellant guilty of continuous violence against the family, as charged in the indictment. The trial court assessed punishment at six years' imprisonment.

## Extraneous Offense Evidence

Appellant challenges the trial court's admission of extraneous offense evidence against him at trial.

### A. Standard of Review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Valadez v. State*, 663 S.W.3d 133, 143 (Tex. Crim. App. 2022); *McDonnell v. State*, 674 S.W.3d 694, 701 (Tex. App.—Houston [1st Dist.] 2023, no pet.). We will not reverse the trial court's ruling if it is within the zone of reasonable disagreement. *Valadez*, 663 S.W.3d at 143; *McDonnell*, 674 S.W.3d at 701. We must uphold the trial court's evidentiary ruling if it is correct under any theory of law applicable to the case. *Fish v. State*, 609 S.W.3d 170, 181 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd); *Price v. State*, 502 S.W.3d 278, 283 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

### B. Preservation of Error

Before addressing the merits of an issue on appeal, an appellate court should consider whether the issue has been preserved, regardless of whether preservation

has been raised by the parties. *Darcy v. State*, 488 S.W.3d 325, 327-28 (Tex. Crim. App. 2016). To preserve a complaint for appellate review, the record must show that an objection was made to the trial court, that the grounds for relief were stated with enough specificity, and that the trial court ruled upon the objection. TEX. R. APP. P. 33.1(a); *Schmidt v. State*, 612 S.W.3d 359, 365 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd). The party must explain to the trial court what he wants and why he thinks he is entitled to it, and do so clearly enough for the judge to understand it and at a time when the trial court is in a position to do something about it. *Singleton v. State*, 631 S.W.3d 213, 217-18 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd).

On this record, appellant objected to the prior judgments of adjudicated assaults against Kelly-Anne both at the pretrial conference and once the judgments were offered into evidence. Both times, the trial court ruled on his objections. Any error in admitting those judgments of conviction in guilt-innocence was preserved for our review. *Singleton*, 631 S.W.3d at 217-18.

However, appellant did not object during the pretrial conference or during the complainants' testimony at trial to the admission of testimonial evidence that appellant was assaultive toward the complainants or that he had committed prior assaults against the complainants. Any purported error in the admission of this

testimony from Kelly-Anne and J.L. is therefore not preserved for our review. TEX. R. APP. P. 33.1(a).

## C.     The Evidence Was Properly Admitted

Evidence of a defendant's prior extraneous offenses is typically inadmissible "[b]ecause our system of justice recognizes that a defendant should be tried only for the charged crime and not for his criminal propensities." *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003). But extraneous-offense evidence may nevertheless be admissible if it is relevant to a material issue other than the defendant's criminal propensities and its probative value is not outweighed by the danger of unfair prejudice. *See Valadez*, 663 S.W.3d at 143.

Evidence of a person's character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. TEX. R. EVID. 404(a)(1). Likewise, evidence of a crime, wrong, or other act is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with the character. *Id*. R. 404(b)(1). The evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id*. R. 404(b)(2).

In addition to rule 404(b), article 38.371 of the Texas Code of Criminal Procedure applies to proceedings in the prosecution of an accused for an offense

for which the complainant shares a family, dating, or household member relationship with the accused. TEX. CODE CRIM. PROC. art. 38.371(a). In such a case, each party may offer testimony or other evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense, including testimony or evidence regarding the nature of the relationship between the actor and the complainant. *Id*. art. 38.371(b). However, this statutory rule is still subject to the Texas Rules of Evidence. *Id*. The article does not permit the presentation of character evidence that would otherwise be inadmissible under the Texas Rules of Evidence or other applicable law. *Id*. art. 38.371(c).

Types of relevant and admissible extraneous-offense evidence to which article 38.371 applies and that serve non-character-conformity purposes in compliance with rule 404(b) include evidence that: (1) explains why a complainant of domestic violence is unwilling to cooperate with the prosecution, (2) confirms the complainant's initial–and later recanted–statements to police, or (3) contextualizes the nature of the relationship between complainant and accused. *McDonnell*, 674 S.W.3d at 702.

We have previously held that evidence of extraneous assaults was admissible to rebut a fabrication defense in an assault of a family member case. *See McDonnell*, 674 S.W.3d at 703. In *McDonnell*, the appellant initially successfully

7

objected to the admission of any testimony or reference to other assaults or threats against the complainant. *Id*. at 702. As trial progressed, the appellant began to admit evidence to support his fabrication defense, in the form of emails from the complainant. *Id*. After the State re-urged its motion to offer extraneous offense evidence, arguing that the appellant's fabrication defense had opened the door to such evidence, the trial court allowed its admission. *Id*. We held that the trial court did not abuse its discretion, reasoning that the evidence fell within the type of evidence courts have recognized is admissible, under both article 38.371 and rule 404(b), where it rebutted a defensive theory and contextualized the nature of the relationship between the complainant and the accused. *McDonnell*, 674 S.W.3d at 703.

In this case, appellant presented a fabrication defense, beginning with counsel's remarks in appellant's opening statement that he expected the evidence to show that Kelly-Anne is "a manipulative person, a conniving person, a jealous person. And I expect the evidence to show that she has learned or knows how to work the system, and now she's even got her 15-year-old son that she has with [appellant] in on it also." Without deciding whether the trial court's pre-trial ruling was error, we hold that appellant opened the door to the adjudicated extraneous offenses when he presented his fabrication defense in his opening statement. As in *McDonnell*, the prior judgments became admissible under both article 38.371 and

rule 404(b) to rebut this defensive theory and contextualize the relationship between the complainant and the accused.

As such, the trial court acted within its discretion in admitting the evidence. *McDonnell*, 674 S.W.3d at 703.

**D.     Any Error Was Harmless**

Even if the trial court had erred in admitting the prior judgments as evidence, it was harmless in that the evidence of the extraneous bad acts was otherwise admitted without objection through Kelly-Anne's testimony.

If the trial court abused its discretion in admitting evidence, the error does not warrant reversal unless it affected appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018) (stating erroneous admission of evidence is non-constitutional error that requires reversal only if it affected appellant's substantial rights). An error affects appellant's substantial rights only when the error has "a substantial and injurious effect or influence in determining the jury's verdict." *Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023). After examining the record as a whole, if we have fair assurance that the error did not influence the jury—or had but a slight effect—we will not reverse appellant's conviction. *Gonzalez*, 544 S.W.3d at 373. In reaching this conclusion, we consider: (1) the character of the alleged error and how it might be considered in connection with other evidence, (2) the nature of the evidence

9

supporting the verdict, (3) the existence and degree of additional evidence indicating guilt, and (4) whether the State emphasized the complained of error. *Id.*

Even without the prior judgments, the record contains ample evidence of extraneous assaults by appellant against Kelly-Anne. Without objection, Kelly-Anne testified about appellant's history of abusing her, beginning with the first time appellant slapped Kelly-Anne while she was holding J.L. when he was an infant. Kelly-Anne also described an incident at the couple's home in League City when appellant struck and shoved Kelly-Anne until she lost consciousness. Kelly-Anne testified about instances in which appellant was charged with assault and Kelly-Anne asked that the cases be dismissed so that appellant could work to support the family financially. Kelly-Anne explained that she separated from appellant when they were in an argument about infidelity which "started verbal and ended up physical very fast." When the State asked Kelly-Anne how many times appellant assaulted her over their 15 years together, Kelly-Anne responded, "too many to count." J.L. and his friend B.K. both testified that appellant assaulted J.L. The jury also saw several threatening emails and text messages from appellant to Kelly-Anne and photographs of injuries to Kelly-Anne and J.L., corroborating the testimony. Even if the judgments were erroneously admitted by the trial court, the judgments merely corroborated the extensive testimony and other evidence of appellant's assaultive history.

Therefore, any error in admitting the extraneous judgments was harmless. *Gonzalez*, 544 S.W.3d at 373.

## Conclusion

Finding no reversible error, we affirm.


Amparo "Amy" Guerra
Justice

Panel Consists of Justices Guerra, Guiney, and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).