**Opinion issued August 29, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00088-CR**

———————————

**MARK ANDERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1672312**

## MEMORANDUM OPINION

Mark Anderson appeals his murder conviction, arguing the trial court erred in allowing the State to ask questions and introduce evidence regarding his alleged prior extraneous offenses. For the reasons explained below, we affirm the trial court's judgment.

## BACKGROUND

Mark Anderson was indicted for the murder of his wife, Tiereney Anderson. In August 2019, Anderson and his wife got into an argument, and both had guns. Anderson was shot in his shoulder and stomach; Tiereney was shot in her chest and shoulder, and she died from her injuries. Anderson claimed that he shot Tiereney in self-defense.

At Anderson's trial, after Anderson testified, the State sought to cross-examine him about his alleged prior extraneous offenses—instances in which he had acted violently toward other women he was dating and his ex-wife.

In a hearing outside the presence of the jury, the prosecutor explained:

> I would like to ask Mark Anderson about a relationship of—an intimate relationship that he began with Ericka Buck in the early weeks of September 2019, shortly after he shot Tiereney Anderson to death. I would like to ask him about a couple of specific instances of violence towards Ericka Buck during that relationship. . . .
>
> I also request the Court to allow me to question Mr. Anderson about a prior conviction that he—for an assault that he committed on June 23rd of 2008 against his previous wife, Whitney Anderson—that he is ultimately convicted for in January 5th of 2010 . . . .
>
> And then, lastly, I would like to question Mr. Anderson on an additional relationship that he started to have with a woman named Ashley Johnson in the spring months of 2020 after Tiereney Anderson had been shot to death. At which time during an argument with . . . Miss Johnson[,] Mr. Anderson then bull-rushed her, pushed her to the floor, and then fled the house.

Defense counsel objected to each request on the grounds that it was not relevant, its prejudicial effect outweighed its probative value, and the State had not produced

2

sufficient proof to find beyond a reasonable doubt that Anderson committed these acts. The trial court overruled these objections.

During Anderson's cross-examination, the State asked the following questions:

Q. Okay. And you and Ericka Buck got into an argument about Ericka seeing other men and you pointed a gun at her and told her you would shoot her?

A. No, sir.

. . .

Q. [Y]ou had a relationship with Ashley Johnson . . . , right?

A. No, sir.

. . .

Q. And you and her got into an argument about you-all's relationship and her seeing other men and you bull-rushed her and pushed her to the ground?

A. No.

. . .

Q. [Y]ou were previously married, right?

A. Yes.

Q. And that was to Whitney Anderson?

A. Yes.

. . .

Q. You, on June 23rd, 2008, you and Whitney Anderson got into an argument about you-all's relationship, right?

A. No, we actually didn't get.

3

. . .

Q. Okay. You were convicted for assault family member based on an offense that you committed on June 23rd, 2008?

A. I was.

The State then introduced the judgment of conviction into evidence. Defense counsel objected to each line of questioning and the judgment.

The jury convicted Anderson for murder and sentenced him to 38 years' imprisonment.

## DISCUSSION

### Standard of Review and Applicable Law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Valadez v. State*, 663 S.W.3d 133, 143 (Tex. Crim. App. 2022); *McDonnell v. State*, 674 S.W.3d 694, 701 (Tex. App.—Houston [1st Dist.] 2023, no pet.). We will not reverse the trial court's ruling if it is within the zone of reasonable disagreement. *Valadez*, 663 S.W.3d at 143; *McDonnell*, 674 S.W.3d at 701. We must uphold the trial court's evidentiary ruling if it is correct under any theory of law applicable to the case. *Fish v. State*, 609 S.W.3d 170, 181 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd); *Price v. State*, 502 S.W.3d 278, 283 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Generally, relevant evidence is admissible. TEX. R. EVID. 402. Evidence is relevant if it "has any tendency to make a fact more or less probable." TEX. R. EVID.

4

401. However, relevant evidence may be inadmissible for certain reasons. For instance, evidence of a defendant's prior extraneous offenses is typically inadmissible "[b]ecause our system of justice recognizes that a defendant should be tried only for the charged crime and not for his criminal propensities." *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003). But extraneous-offense evidence may nevertheless be admissible if it is relevant to a material issue other than the defendant's criminal propensities and its probative value is not outweighed by the danger of unfair prejudice. *See Valadez*, 663 S.W.3d at 143.

On appeal, Anderson argues the trial court erred in allowing the State's questioning about Ericka Buck and Ashley Johnson and in admitting the prior conviction into evidence. We note, at the outset, that the State's questions are not evidence, even though both parties treat the questions as evidence that was admitted. *See Madden v. State*, 242 S.W.3d 504, 513 n.23 (Tex. Crim. App. 2007) (recognizing that attorney's questions are not evidence but witness's answers generally are); *Wells v. State*, 730 S.W.2d 782, 786 (Tex. App.—Dallas 1987, pet. ref'd) (noting that "remarks by counsel are not evidence" and "[q]uestions put to a witness are not evidence"). There is no error in "admitting" questions because they are not evidence. *Wooten v. State*, 378 S.W.3d 652, 656 (Tex. App.—Houston [14th Dist.] 2012), *rev'd on other grounds*, 400 S.W.3d 601 (Tex. Crim. App. 2013). However, we

assume for the sake of argument in this appeal that the State's questions are evidence because both parties do so.

**Analysis**

**1. Rule 104**

In his first issue, Anderson argues the trial court erred in allowing the State to question him about his alleged extraneous offenses against Ericka Buck and Ashley Johnson because the trial court did not make the required preliminary determination under Texas Rule of Evidence 104(b).

Rule 104(b) provides: "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." TEX. R. EVID. 104(b).

Under this rule, to introduce evidence that the defendant committed an extraneous offense, the State must also introduce proof sufficient to support a jury finding beyond a reasonable doubt that the defendant committed the offense. *See id.*; *Harrell v. State*, 884 S.W.2d 154, 160–61 (Tex. Crim. App. 1994). Typically, when the State wants to introduce evidence of an extraneous offense, the trial court first determines outside the jury's presence whether there is sufficient evidence to allow the jury to find beyond a reasonable doubt that the defendant committed the extraneous offense. *Guevara v. State*, 667 S.W.3d 422, 441 (Tex. App.—Beaumont

6

2023, pet. ref'd). Evidence of an extraneous offense may be irrelevant if the State does not provide the supporting proof that the defendant committed the offense. *See Harrell*, 884 S.W.2d at 160; *Fish*, 609 S.W.3d at 181. But the trial court does not need to make this determination before admitting the evidence. *See Fischer v. State*, 268 S.W.3d 552, 558 (Tex. Crim. App. 2008) (stating it was not legally significant that State's pretrial proffer was deficient because evidence presented by end of trial provided proof beyond reasonable doubt that defendant committed extraneous offense). The trial court can admit evidence of an extraneous offense on the condition that the State introduce additional evidence to support its relevance, or connect it up, at a later time. TEX. R. EVID. 104(b); *Rawlins v. State*, 521 S.W.3d 863, 868 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

If the State does not introduce sufficient evidence to support the admission of the extraneous-offense evidence by the close of its case, the defendant has the burden to renew his objection to the extraneous-offense evidence and ask the trial court to instruct the jury to disregard the evidence. *Rawlins*, 521 S.W.3d at 868. If the defendant fails to do so, he has not preserved error for appellate review and waives his complaint. *Id.*; TEX. R. APP. P. 33.1(a).

Anderson argues the trial court erred in allowing the State to question him about Ericka Buck and Ashley Johnson because the trial court did not determine the State was able to prove the alleged extraneous offenses beyond a reasonable doubt.

7

Although defense counsel objected during the State's proffer and to both lines of questioning when they occurred, defense counsel did not renew the objection at the close of the State's evidence or when it became clear the State had not connected up the extraneous-offense evidence with supporting evidence. *See Rawlins*, 521 S.W.3d at 868 (stating it is defendant's burden to renew objection and ask for instruction to disregard when State does not introduce sufficient evidence to support admission of extraneous-offense evidence). Therefore, defense counsel failed to preserve error for appellate review and has waived this complaint. *See id.*

We overrule Anderson's first issue.

**2. Rule 404**

Next, Anderson argues the trial court erred in allowing the State to question him about multiple alleged extraneous offenses and in admitting the prior judgment of conviction against him because the evidence was not admissible under Texas Rule of Evidence 404.

Rule 404(b)(1) provides: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1).

A defendant may not be tried for being a criminal generally. *Fish*, 609 S.W.3d at 181. To be admissible, extraneous-offense evidence must have relevance other

than its tendency to prove a defendant's propensity for being a criminal. *Id.*; *Moses*, 105 S.W.3d at 626. Extraneous-offense evidence may be relevant and admissible for other purposes, like proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). Specifically, when a defendant claims he acted in self-defense, the State may rebut this claim with evidence of other violent acts where the defendant was the aggressor, to show his intent. *Fish*, 609 S.W.3d at 181; *Robinson v. State*, 844 S.W.2d 925, 929 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (explaining that evidence of extraneous offense may be used to rebut defensive theory such as self-defense, even though not specifically listed in Rule 404), *cited with approval in Rogers v. State*, 105 S.W.3d 630, 633 n.4 (Tex. Crim. App. 2003).

Anderson argues the lines of questioning and his prior conviction were not relevant for any purpose other than criminal propensity. He acknowledges that extraneous offenses can be admissible to rebut a claim of self-defense, but he argues the alleged extraneous offenses in this case are too remote and dissimilar to be relevant. Here, Anderson was charged with shooting his wife when he suspected her of cheating. The State questioned him about whether he suspected Ericka Buck of cheating and pointed a gun at her, about whether he suspected Ashley Johnson of cheating and "bull-rushed her and pushed her to the ground," and about his prior conviction—more than ten years ago—for assaulting his then wife. All three

9

categories of evidence allege acts where Anderson was the first aggressor against women with whom he had a romantic relationship, which is similar to the offense for which he was being tried. Whether this evidence was relevant to show Anderson's intent and rebut his self-defense claim was within the trial court's discretion. The trial court's ruling that this evidence was admissible to rebut his self-defense claim falls within the zone of reasonable disagreement, and therefore we may not reverse. *See Valadez*, 663 S.W.3d at 143; *McDonnell*, 674 S.W.3d at 701.

To the extent Anderson argues the lines of questioning about Ericka Buck and Ashley Johnson were irrelevant because they were not supported with evidence, we have already concluded that he waived that complaint by not renewing his objection at the close of the State's evidence. *See Rawlins*, 521 S.W.3d at 868.

Because we can affirm the trial court's ruling on the issue of self-defense, we need not determine whether Anderson "opened the door" to character evidence with testimony about peacefulness or violence toward women generally or whether the alleged acts are similar enough to establish a modus operandi. *See* TEX. R. APP. P. 47.1; *Fish*, 609 S.W.3d at 181 (stating that reviewing court must affirm trial court's evidentiary ruling if it is correct under any applicable theory of law); *Price*, 502 S.W.3d at 283 (same).

Even though we conclude the trial court did not err in finding this extraneous-offense evidence was permissible under Rule 404(b) to show intent, we must still

determine whether the evidence was more prejudicial than probative, which we consider in Anderson's next issue. *See* TEX. R. EVID. 403; *McGregor v. State*, 394 S.W.3d 90, 120 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (explaining that extraneous-offense evidence that is admissible under Rule 404(b) must also be admissible under Rule 403).

### 3. Rule 403

In his third issue, Anderson argues the trial court erred in allowing the State to question him about multiple alleged extraneous offenses and in admitting a prior judgment of conviction against him because the evidence was not admissible under Texas Rule of Evidence 403. Again, Anderson challenges the State's line of questioning about both Ericka Buck and Ashley Johnson as well as the State's introduction of his prior conviction.

Rule 403 allows a trial court to exclude relevant evidence "if its probative value is substantially outweighed" by factors like unfair prejudice. TEX. R. EVID. 403. The purpose of this rule is to prevent a jury from convicting a defendant "based solely on his criminal character or because he is generally a bad person." *Garcia v. State*, 201 S.W.3d 695, 704 (Tex. Crim. App. 2006). But the inquiry is "whether the probative value is *substantially* outweighed by the danger of *unfair* prejudice." *Id.* Thus, a Rule 403 inquiry generally requires a court to balance the following non-exclusive factors: "(1) how probative the evidence is[;] (2) the potential of the

11

evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence." *Colone v. State*, 573 S.W.3d 249, 266 (Tex. Crim. App. 2019); *see also Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex. Crim. App. 1990). Rule 403 favors the admissibility of relevant evidence, and we presume that relevant evidence is more probative than prejudicial. *Montgomery*, 810 S.W.2d at 389.

For the first factor, the probative value of the evidence, Anderson argues the State's lines of questioning about Ericka Buck and Ashley Johnson were not relevant or probative because the State introduced no evidence to support the alleged offenses. However, we have already concluded that Anderson failed to preserve that issue for appellate review. He also argues the evidence of his prior conviction was too dissimilar and temporally remote to be probative. The State argues that all three categories of evidence, in which Anderson was alleged to have been the first aggressor against women he was involved with romantically, were probative on the issue of self-defense. This factor weighs neither in favor of admission nor exclusion.

For the second factor, irrational and indelible impressions on the jury, Anderson argues the alleged extraneous offenses painted him as a "deranged monster." But almost all evidence the State introduces is prejudicial to the defendant. *Inthalangsy v. State*, 634 S.W.3d 749, 758 (Tex. Crim. App. 2021). The fact that the evidence casts the defendant in a negative light is not sufficient to exclude the

evidence under Rule 403; "[o]nly evidence that is *unfairly* prejudicial should be excluded." *Id.* (quoting *DeLeon v. State*, 77 S.W.3d 300, 315 (Tex. App.—Austin 2001, pet. ref'd)). Prejudice is unfair when it has the "tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (quoting *Montgomery*, 810 S.W.2d at 389).

The State argues any danger of unfair prejudice was minimized by the jury's instruction limiting their consideration of the extraneous-offense evidence to issues other than character conformity. *See Blackwell v. State*, 193 S.W.3d 1, 15–16 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (concluding similar jury instruction correctly instructed jury to limit its use of extraneous-offense evidence to issue of intent and mitigated potential to impress jury in irrational, indelible way). This factor weighs in favor of admission.

For the third factor, time needed to develop the evidence, Anderson asserts the State asked 33 questions about the alleged extraneous offenses and mentioned one in closing argument, which distracted the jurors from the actual issues of the trial. But the State's questions amounted to six pages of the record in a four-day trial, during which the State called 13 witnesses, and only one—Anderson—was questioned about these alleged extraneous offenses. The questions about these alleged extraneous offenses made up only a small portion of the trial. *See, e.g.*, *Inthalangsy*, 634 S.W.3d at 759 (concluding State did not spend inordinate amount

of time on extraneous-offense evidence when 4 of 16 witnesses testified about extraneous offense); *Price v. State*, 594 S.W.3d 674, 681 (Tex. App.—Texarkana 2019, no pet.) (concluding State did not spend inordinate amount of time on extraneous-offense evidence when testimony comprised 26 pages of transcript in multi-day trial with 11 witnesses for the State); *Sifuentes v. State*, 494 S.W.3d 806, 817–18 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (concluding State did not place undue emphasis on extraneous-offense evidence when 47 pages of testimony through 4 witnesses was spent establishing extraneous offenses, which was 24 percent of testimony at trial). This factor weighs in favor of admission.

Lastly, for the fourth factor, the proponent's need for the evidence, Anderson argues the alleged extraneous offenses about which he complains were unnecessarily cumulative of another witness's testimony that Anderson had threatened Tiereney on an earlier date. He argues the State encouraged unfair prejudice by introducing the alleged extraneous-offense evidence to bolster that witness's already prejudicial testimony. In contrast, the State argues the need to prove Anderson's intent and rebut his self-defense claim was strong because he was the only person who could testify as to what happened when he shot and killed Tiereney. This factor weighs in favor of admission.

Because three of the four factors weigh in favor of admission, the trial court did not abuse its discretion in determining the probative value of the evidence was

not substantially outweighed by the danger of unfair prejudice and thereby allowing the lines of questioning or admitting the evidence of Anderson's prior conviction. We therefore overrule Anderson's second and third issues.

### 4. Rule 609

Lastly, Anderson argues the trial court erred in admitting the evidence of his prior criminal conviction under Texas Rule of Evidence 609. He only challenges the State's introduction of his prior conviction in this issue.

Rule 609 allows the introduction of evidence of a testifying witness's prior criminal conviction to attack that witness's character for truthfulness. TEX. R. EVID. 609(a). However, when that conviction is more than ten years old, evidence of the conviction is admissible "only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." TEX. R. EVID. 609(b). The proponent of this evidence bears the burden of demonstrating that its probative value outweighs its prejudicial effect. *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992); *Cavitt v. State*, 507 S.W.3d 235, 258 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).

To determine whether the probative value of the evidence substantially outweighs its prejudicial effect, the trial court should consider the following non-exclusive factors: "(1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's

subsequent criminal history; (3) the similarity between the past crime and the charged offense; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue." *Cavitt*, 507 S.W.3d at 257–58; *see also Theus*, 845 S.W.2d at 880–81. A trial court has "wide discretion" in determining the admissibility of a prior conviction, and we will only reverse when the decision to admit a prior conviction lies outside the zone of reasonable disagreement. *Theus*, 845 S.W.2d at 881 (quoting *United States v. Oaxaca*, 569 F.2d 518, 526 (9th Cir. 1978)).

Anderson emphasizes here that the second and third factors, temporal proximity of the past crime and its similarity to the charged offense, weigh heavily against admission. The prior conviction was 13 years old. *See* TEX. R. EVID. 609(b) (limiting use of prior convictions more than ten years old). Anderson admitted that the conviction was for assaulting his then-wife. *See Theus*, 845 S.W.2d at 881 (explaining that similarity between past crime and charged offense weighs against admission because it presents risk that jury would convict on perception of past pattern of conduct).

Even assuming the evidence of Anderson's prior conviction was not admissible for impeachment purposes under Rule 609(b), we have already concluded the trial court did not err in ruling it was admissible to rebut his claim of self-defense under Rule 404(b) or in ruling it was admissible under Rule 403. *Fish*,

16

609 S.W.3d at 181 (stating that reviewing court must affirm trial court's evidentiary ruling if it is correct under any applicable theory of law); *Price*, 502 S.W.3d at 283 (same). We therefore overrule Anderson's fourth issue.

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).